■ ALFONSO M. LOPES, Plaintiff, and DOMINGOS F. NUNES et al., Appellants-Respondents, v. DORIS ADAMS et al., Respondents-Appellants, and J. C. P. CONTRACTING CORP., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries, (1) plaintiffs Nunes and Vieira appeal, as limited by their brief, from so much of a judgment of Supreme Court, Queens County, entered February 9, 1970, as is against them and in favor of defendant J. C. P. Contracting Corp., upon the trial court's decision setting aside a jury verdict in their favor against said defendant and dismissing the complaint as to said defendant; and (2) Motor Vehicle Accident Indemnification Corporation, on its own behalf and on behalf of defendants Adams, appeals from (a) an order of the same court, dated January 19, 1970, which dismissed the complaint of said plaintiffs as against defendant J. C. P. Contracting Corp. at the end of the entire case and directed a verdict in the latter's favor and (b) so much of said judgment as is against defendants Adams upon the jury verdict in favor of plaintiff Nunes in the amount of $20,500 and in favor of plaintiff Vieira in the amount of $4,500. Appeal from order dismissed as academic, without costs, in view of the determination herein of the appeals from the judgment. Judgment modified by deleting so much thereof as is in favor of defendant J. C. P. Contracting Corp. against plaintiffs Domingos F. Nunes and Manuel Vieira and jury verdict in favor of said plaintiffs against said defendant reinstated. As so modified, judgment affirmed insofar as appealed from. Plaintiff Nunes and Vieira are awarded a single bill of costs against defendant J. C. P. Contracting Corp. alone. Plaintiffs Nunes and Vieira, construction workers, while working in the left southbound lane of the Van Wyck Expressway, in Queens, New York City, adjacent to the mall or road divider, were struck by a vehicle owned by defendant Doris Adams and operated by defendant Lawrence X. Adams. Plaintiffs brought this action against the Adamses and also against the general contractor, J. C. P. Contracting Corp. (hereinafter referred to as J. C. P.) for failure to provide a safe place to work. At the close of the entire case the trial court denied J. C. P.'s motion to dismiss the complaint and direct a verdict in its favor. The jury then found against the Adamses and J. C. P. The court set aside that part of the verdict which was against J. C. P. and dismissed the complaint as against it, upon the ground that the negligence of Lawrence X. Adams was the sole cause of the accident. The court then apparently decided to reconsider J. C. P.'s above-mentioned

motion. The order of January 19, 1970 was made, resettling the transcript of the trial minutes so as to reflect that the complaint as against J. C. P. had been dismissed at the close of the entire case and that a verdict had been directed in its favor. The judgment under review was also entered. In part it granted judgment in favor of J. C. P. against plaintiffs Nunes and Vieira. It made no reference to the dismissal of the complaint. The recitals in the judgment said that the verdict against J. C. P. was set aside and that the complaint as against J. C. P. was dismissed. We are of the opinion that the trial court erred in setting aside the jury's verdict as against defendant J. C. P. and in dismissing the complaint at the close of the entire case. The jury had the right to believe, and the court charged that it could so find, that it was necessary for plaintiffs to work on the road rather than the mall, that J. C. P. exercised dominion and control over the entire construction site, that J. C. P. failed to provide barriers to prevent vehicular traffic from entering the lane in which plaintiffs worked and that the failure to provide a safe place to work was a proximate cause of the accident. Hopkins, Acting P. J., Martuscello, Shapiro, Gulotta and Benjamin, JJ., concur.