■ ADAM HEIL et al., Respondents, v. F & M SCHAEFER BREWING CO., Appellant. (And a Third-Party Title.) — In an action, *inter alia,* to recover damages for personal injuries, etc., on the grounds of negligence and violation of section 240 of the Labor Law, defendant appeals from a judgment of the Supreme Court, Kings County, entered December 7, 1972, in favor of plaintiffs, upon separate jury verdicts after separate trials on the issues of liability and damages. Judgment affirmed, with costs. No opinion. Hopkins, Acting P. J., Christ and Benjamin, JJ., concur; Latham and Munder, JJ., dissent and vote to reverse the judgment and dismiss the complaint, with the following memorandum: On October 30, 1968 plaintiff Adam Heil, an employee of Armor Elevator Company, Inc., was injured when he fell from a vertical steel ladder attached to the outside of the Brooklyn plant of defendant, F & M Schaefer Brewing Co. Armor had a contract with Schaefer to overhaul and modernize one of the elevators in the plant. Heil sustained serious injuries. The jury verdict as to damages in his favor against Schaefer was in the amount of $238,000 and such verdict in favor of his wife, the coplaintiff, for loss of services, etc., was in the amount of $8,000. A third-party action by Schaefer against Armor was discontinued prior to the trial. Even assuming that the ladder's condition was dangerous, we believe that such condition was readily apparent and that Mr. Heil was guilty of contributory negligence as a matter of law in the manner in which he climbed the ladder. He had worked at the site for two days before the occurrence of the accident. On the afternoon of the third day, as he was climbing the ladder for the *fifth* or *sixth* time, his fingers hit an I-beam as he was about to close his right hand over the third rung from the top, causing him to lose his grip and fall down backwards. He admitted knowing that at one point there was an I-beam behind the ladder. The space between one lip of the I-beam and the rung was only about two inches wide. He testified that he had not let go of the ladder with his left hand when his right hand hit the I-beam, but that the impact caused him to fall back, his left hand slipping off the ladder in the process. We think that he fell from the ladder because he simply neglected to secure his right-hand-hold before relinquishing his left. Even assuming that the two-inch clearance between the rung and the I-beam was dangerous and contrary to custom and usage, which required at least a four-inch clearance, this condition was open, obvious and known to Heil. His failure to avoid being injured by or through it and the manner in which he climbed the ladder render him contributorily negligent as a matter of law. Evidence of a buildings department notice of violation issued to Schaefer five months after the accident due to the condition

of the ladder, of the issuance of two Criminal Court summonses and of the guilty plea entered thereon was improperly admitted into evidence. The fact that Schaefer pleaded guilty to the latter of the two summonses was irrevelant, incompetent and highly prejudicial. The violation notice did not refer to the two-inch clearance between the rung of the ladder and the lip of the I-beam, which, as above stated, Heil asserted was the cause of the accident. The trial court further erred in refusing to permit the defense to question Heil as to the availability of Armor's ladders at the time of the accident. Heil might have had the alternative of using one of Armor's portable wooden ladders, but the trial court precluded an inquiry as to that. This was reversible error, since such evidence was material as to the issue of Heil's contributory negligence. Were we not voting to dismiss the complaint on the ground of contributory negligence as a matter of law, we would vote to grant a new trial for the errors enumerated above.