■ CHARLES TORRIE, Respondent, v VIRTUOSO BUILDING COMPANY, INC., Appellant. (Appeal No. 1.)—Judgment and order unanimously affirmed, with costs. Memorandum: Virtuoso Building Company, Inc. (Virtuoso), general contractor on a school construction job, and Thompson Roofing Co., Inc. (Thompson) subcontractor for performing certain roofing work thereon, appeal from a judgment in favor of the plaintiff against Virtuoso in the sum of $32,500 for injuries which he received on the job as an employee of Thompson, the judgment providing that Virtuoso recover 70% of such amount from Thompson. While using Thompson's machine for applying hot asphalt on the roof, upon which felt insulation was being laid, plaintiff was required to walk backward and pull the machine. A fellow employee followed, applying the felt and also watching plaintiff to warn him of perils in his backward path. On the occasion in question, plaintiff had completed his application of asphalt and was continuing to move backward, drawing the machine in order to empty its reservoir of hot asphalt. His fellow employee then ceased to watch him and began picking up scraps of paper. There were openings in the roof, left according to plans for the installation of ventilators, etc. Plaintiff knew of these openings, but on this occasion momentarily forgot about the proximity of one and he fell into it and was injured. There was no covering over or barricade around this opening; and plaintiff sued the general contractor, Virtuoso, for its negligence and violation in failing to provide a safe place for him to work. Virtuoso contended that plaintiff was barred as a matter of law by his contributory negligence and by the fact that Thompson was in control of the roof, and so Virtuoso had no responsibility therefor. On this appeal it renews those contentions and further contends that the trial court erred in its charge. Third-party defendant Thompson makes the same contentions and argues that as a matter of law Virtuoso could not be held liable and hence Thompson could have no liability over to Virtuoso. Although plaintiff knew of the existence of the openings, the evidence of his preoccupation with his work and momentary forgetfulness of this opening presented a question of fact for the jury as to his contributory negligence. "The failure to have in mind the existence of a dangerous condition at the time one encounters it, even though there had been knowledge of the condition in the past, presents a question of fact. It is for the jury to say whether the failure to have the danger in mind was the result of such poor memory or such inattentiveness on the part of the injured person as to charge her with falling below the standard of a reasonably prudent person" *(Washington v Longview Terrace*

*Apts.,* 37 AD2d 809, 809-810; also *Serrano v Corcoran Plate Glass Co.,* 33 NY2d 544; *Heil v Schaefer Brewing Co.,* 47 AD2d 754, affd 38 NY2d 935; and see, *Wartels v County Asphalt,* 29 NY2d 372, 379-380). There was evidence that the Labor Department regulations require the general contractor to keep roof openings covered or barricaded; that Virtuoso knew of such regulations; and on prior occasions had fence-barricaded openings of the nature of the one through which plaintiff fell. There was evidence that no cover or barricade protected the openings on this roof. Although there was other evidence that if such covers or barricade existed the workmen would have removed them in order to apply the asphalt and felt, there was evidence to the contrary. Upon such evidence the court properly submitted to the jury the question of Virtuoso's control of the roof and responsibility for plaintiff's safety (see *Lopes v Adams,* 37 AD2d 610, 611, affd 30 NY2d 499; *Buonassisi v Sears, Roebuck & Co.,* 43 AD2d 701, 702-703; *LoMonaco v 43rd St. Estates Corp.,* 36 AD2d 722, 723). We find no merit in Virtuoso's contention that the court erred in failing to charge that if the jury find that Thompson removed the cover from the opening, Virtuoso could not be found liable to plaintiff, for there was a question of fact as to whether a mere plywood cover would have been sufficient to provide a safe place for plaintiff to work and whether Virtuoso should not have fence-barricaded the opening. The court did charge that Virtuoso was not responsible for the methods employed by and the independent negligence of Thompson. Nor, on the facts of this case, is there merit in Virtuoso's argument that the court committed reversible error in charging section 200 of the Labor Law (see *Heil v Schaefer Brewing Co.,* 38 NY2d 935, *supra).* Moreover, Virtuoso took no exception to such charge, and it cannot raise such objection at this time (CPLR 4017). (Appeal from judgment and order of Niagara Supreme Court—negligence.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.