OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the Appellate Division, for the reasons stated in its memorandum, that the evidence of defendant Red Diamond’s negligence was sufficient and that the trial court’s instructions on proximate and intervening cause, when read in the context of the entire charge, were not erroneous. Red Diamond’s request to charge that decedent’s knowledge of the dangers of dry ice would be a superseding cause as a matter of law fails to take into account the possibility of momentary forgetfulness by the decedent. Inasmuch as momentary forgetfulness is not contributory negligence as a matter of law (Serrano v Corcoran Plate Glass Co., 33 NY2d 544; Torrie v Virtuoso Bldg. Co., 58 AD2d 982; see, 1 NY PJI2d 71 [1984 Cum Supp]), it follows a fortiori that momentary forgetfulness should not be deemed a superseding cause that relieves a defendant of all liability as a matter of law.
Red Diamond’s additional request to charge that knowledge by decedent’s employer of the dangers of dry ice, coupled with its failure to warn the decedent, would be another superseding cause was also properly rejected by the trial court. This case is distinguishable from McLaughlin v Mine Safety Appliances Co. (11 NY2d 62), in that there is here no evidence of gross negligence such as there was in McLaughlin, where the warnings that might otherwise have been seen were removed and the remover stood idly by while the decedent was exposed to danger. Thus, the trial court properly submitted to the jury as a question of fact the claim that the employer’s negligent failure to warn constituted an intervening cause relieving Red Diamond of liability.
Finally, in light of his submission of a question on proximate cause, the Trial Judge’s decision not to submit an additional question on intervening cause was not an abuse of discretion (see, Johnson v Artkraft Strauss Sign Corp., 45 AD2d 482, 483).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.