■ MARINELLA CUMMINGS, Respondent, v GERARD CUMMINGS, Appellant. [716 NYS2d 594] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Richmond County (Mastro, J.), dated December 6, 1999, which, upon a jury verdict awarding the plaintiff damages in the sum of $2,802,583 (including $157,583 for past lost earnings, $725,000 for past pain and suffering, $720,000 for future lost earnings, and $1,200,000 for future pain and suffering), and upon the plaintiff's stipulation to reduce the verdict as to past lost earnings to the sum of $118,309.71 and future lost earnings to the sum of $445,680, is in favor of the plaintiff and against him.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant, unless, within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to decrease the damages as to future pain and suffering from the sum of $1,200,000 to the sum of $500,000, and to entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

In the instant case, the testimony of the plaintiff's son established that the defendant's decedent had actual notice of the defect which caused the plaintiff's accident (*see, Napolitano v Dhingra,* 249 AD2d 523). Contrary to the defendant's contention, the testimony of the plaintiff's son was not incredible as a matter of law (*see, Prozeralik v Capital Cities Communications,* 82 NY2d 466, 473; *Gray v McParland,* 255 AD2d 359, 360).

In determining whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Contorino v Florida Ob/Gyn Assn.,* 259 AD2d 460; *Chazon v Parkway Med. Group,* 168 AD2d 660). The award of damages for future pain and suffering is excessive to the extent indicated. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.