■ ABRAHAM GABOR, Respondent, v STEPHEN B. GOOLNICK et al., Appellants. [733 NYS2d 902] —In an action to recover damages for personal injuries, the defendants separately appeal from a judgment of the Supreme Court, Queens County (Schulman, J.), dated July 12, 2000, which, upon a jury verdict finding the defendant City of New York 80% at fault and the defendant Stephen B. Goolnick's decedent 20% at fault in the happening of the accident, and awarding the plaintiff damages in the principal sum of $2,750,000 ($2,000,000 for past pain and suffering and $750,000 for future pain and suffering), is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for past pain and suffering and substituting therefor a provision severing that cause of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with one bill of costs to the appellants, unless, within 30 days after service upon him of a copy

of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,250,000 and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

In determining whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Cummings v Cummings,* 277 AD2d 341, 342; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510). The award of damages for past pain and suffering is excessive to the extent indicated.

The defendants' remaining contentions are without merit. Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.