■ VINCENZO LAMURAGLIA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendants. PREMIUM LANDSCAPING, INC., Third-Party Defendant-Respondent-Appellant. [749 NYS2d 82] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority, appeal, as limited by

their brief, from so much of a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated May 18, 2001, as, upon a jury verdict on the issue of liability finding them 65% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff Vincenzo Lamuraglia sustained damages in the principal sums of $275,000 for past loss of earnings, $725,000 for future loss of earnings, $250,000 for past pain and suffering, and $800,000 for future pain and suffering, and that the plaintiff Rosa Lamuraglia sustained damages in the sums of $100,000 for past loss of services and $100,000 for future loss of services, and upon the granting of their motion pursuant to CPLR 4404 to the extent of reducing the awards for past pain and suffering from $250,000 to $175,000, future pain and suffering from $800,000 to $325,000, past loss of services from $100,000 to $50,000, and future loss of services from $100,000 to $50,000, is in favor of the plaintiffs and against them, and the third-party defendant, Premium Landscaping, Inc., cross appeals, as limited by its brief, from so much of the same judgment as, upon a jury verdict on the issue of liability finding it 35% at fault in the happening of the accident, and upon the granting of its motion pursuant to CPLR 4404 to the extent of reducing the awards for past pain and suffering from $250,000 to $175,000, future pain and suffering from $800,000 to $325,000, past loss of services from $100,000 to $50,000, and future loss of services from $100,000 to $50,000, is in favor of the defendants third-party plaintiffs, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority, and against it.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provisions thereof awarding damages for past and future pain and suffering and past and future loss of services, and a new trial is granted with respect thereto; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendants third-party plaintiffs, New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority, and the third-party defendant, Premium Landscaping, Inc., unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $175,000 to the sum of $100,000, future pain and suffering from the sum of $325,000 to the sum of $200,000, past loss of services from the sum of $50,000 to the sum of $30,000, and future loss of services from the sum of $50,000 to

the sum of $30,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so decreased and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On July 29, 1991, the plaintiff Vincenzo Lamuraglia (hereinafter the plaintiff) was working as a construction worker for the third-party defendant, Premium Landscaping, Inc. (hereinafter Premium), on a Bronx street, when he was struck by a bus operated by the defendant third-party plaintiff New York City Transit Authority. The plaintiff was working in a lane closed off to traffic by an orange plastic mesh fence, with his back to oncoming traffic, and the bus skidded into him at a time when the road was wet from rain. As a result, he sustained a fracture in the T-1 vertebra, which has since healed, and some time later, was diagnosed with herniated discs at the C3-C6 level. The plaintiff also complained of chronic pain in the head, shoulders, neck, arm, and leg as a result of the accident. However, he never underwent surgery. He only took nonprescription pain medication and stopped receiving treatment for his condition as early as December 1992. The plaintiffs commenced this action against the New York City Transit Authority as well as the Manhattan and Bronx Surface Transit Operating Authority (hereinafter collectively the Transit Authority). Thereafter, the Transit Authority commenced a third-party action against Premium.

After a trial, the jury found the Transit Authority 65% at fault in the happening of the accident and Premium 35% at fault, and that the plaintiff sustained damages in the sums of $275,000 for past loss of earnings, $725,000 for future loss of earnings, $250,000 for past pain and suffering, and $800,000 for future pain and suffering. The jury also found that the plaintiff's wife sustained damages in the sums of $100,000 for past loss of services and $100,000 for future loss of services. Subsequently, the Supreme Court granted the separate motions of the Transit Authority and Premium pursuant to CPLR 4404 to the extent of reducing the awards for past pain and suffering from $250,000 to $175,000, future pain and suffering from $800,000 to $325,000, past loss of services from $100,000 to $50,000, and future loss of services from $100,000 to $50,000.

Contrary to the Transit Authority's contention, the trial court properly denied its request for a modified jury instruction relating to the duty of care required of pedestrians when crossing roadways. Specifically, the Transit Authority requested the trial court to instruct the jury that the plaintiff had a duty to

keep a reasonably vigilant lookout for cars and to avoid placing himself in a dangerous position. However, in *Smith v Bailey* (14 App Div 283, 284-285), the Court stated: "Undoubtedly those persons who are engaged upon the streets in the public service cannot exercise the same diligence in getting out of the way of passing vehicles as those persons can who are simply crossing the streets and avenues; and it cannot be expected that they should, because if their time were taken up by looking out for coming vehicles, it would be impossible for them to carry on their work." Here, the plaintiff was bent over with his back to the open lane while focused on his work in the closed lane. Thus, the trial court properly declined to give the jury an instruction charging the plaintiff with the same or a similar duty of care as an ordinary pedestrian.

There is no merit to the Transit Authority's contention that the trial evidence supported its request for a jury charge regarding the "emergency doctrine." An emergency instruction is improper where, as here, the "driver should reasonably have anticipated and been prepared to deal with the situation with which [he or she] was confronted" (*Muye v Liben,* 282 AD2d 661, 662 [internal quotation marks omitted]; *see also Caristo v Sanzone,* 96 NY2d 172). While the Transit Authority argues that the evidence supports a finding that the bus skidded on mud, the presence of which was purportedly unexpected, our reading of the record reveals that to make such a finding would have required improper speculation by the jury (*see generally Arpino v Jovin C. Lombardo, P.C.,* 215 AD2d 614). Rather, the evidence shows that the bus skidded on wet pavement at a time when it was either raining or shortly after the rain ended. Under the circumstances, the emergency doctrine is inapplicable (*see e.g. Gadon v Oliva,* 294 AD2d 397).

There is no merit to Premium's contention that the jury verdict on the issue of liability finding that it was 35% at fault in the happening of the accident was unsupported by the evidence. Although Premium complied with applicable regulations by erecting an orange fence to direct traffic away from the lane where the plaintiff was working (*see e.g.* 12 NYCRR 23-1.29), this bare minimum compliance is only some evidence of due care (*see Lugo v LJN Toys,* 146 AD2d 168, *affd* 75 NY2d 850). The jury could have properly reached a determination that the absence of a stronger barricade and/or a flagman made the work site unsafe, and this failure by Premium to provide a safe work environment was a proximate cause of the accident (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Lopes v Adams,* 37 AD2d 610, *affd* 30 NY2d 499).

In determining whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Cummings v Cummings,* 277 AD2d 341, 342). The awards of damages for past and future pain and suffering, and past and future loss of services, are excessive to the extent indicated (*see Porcano v Lehman,* 255 AD2d 430; *Martino v Triangle Rubber Co.,* 249 AD2d 454; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408).

The Transit Authority's and Premium's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.