Jeoffrey J. DAVID, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant.

Docket Nos. 03–6055, 03–6063.

United States Court of Appeals, Second Circuit.

Oct. 23, 2003.

Peter F. Frost, Senior Admiralty Counsel, United States Department of Justice (Robert D. McCallum, Jr., Assistant United States Attorney, Roslynn Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Washington, D.C., for Appellant.

Steven L. Barkan, Lambos & Junge, New York, NY, for Appellees.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

The United States appeals from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*), following a bench trial, holding the Government 75 percent responsible for plaintiff-appellee Jeoffrey J. David's injuries, and awarding David $275,000 for past pain and suffering, as well as $400,000 for future pain and suffering.[1] David cross-appeals from the district court's judgment finding him liable, under a theory of comparative negligence, for 25 percent of his injuries, and not awarding him pre-judgment interest. For the reasons that follow, we affirm.

The Government contends that, by limiting inquiry at trial to whether David

---

1. These awards were reduced by 25 percent to reflect the court's finding of comparative liability. The award for future pain and suffering was discounted to present value by 2 percent.

could still do the type of supervisory work that he was capable of doing before his injury, the district court erred in applying the incorrect legal standard, and improperly precluded testimony on the issue of mitigation. The Government correctly asserts that in personal injury cases, like this case, mitigation requires that the plaintiff seek and take any employment within the limits imposed by his injury. *Earl v. Bouchard Transp. Co.,* 735 F.Supp. 1167, 1172–74 (E.D.N.Y.1990), *rev'd on other grounds,* 917 F.2d 1320 (2d Cir.1990).

We note at the outset that the Government did not specifically object to the district court's application of the incorrect mitigation standard below, nor did it inform the court of the legal standard that should have been used. *See Jarvis v. Ford Motor Co.,* 283 F.3d 33, 59 (2d Cir. 2002) (finding that an objection to a jury instruction was not preserved where the party failed to lodge the specific objection and the legal basis for the objection); *see also United States v. Crowley,* 318 F.3d 401, 414 (2d Cir.2003) (noting that, absent explanation, a district court judge could not be expected to understand the specific grounds for defendant's general objection). Furthermore, the Government did not attempt to proffer the mitigation evidence it now claims was improperly excluded, and the district court never explicitly precluded evidence concerning mitigation, and indeed, permitted some testimony on the issue. Although whether the district court applied the correct legal standard is an issue we review *de novo, see LoPresti v. Terwilliger,* 126 F.3d 34, 39 (2d Cir.1997), we ultimately find that any error by the district court in applying the incorrect mitigation standard was harmless because the district court made an independent finding that David is 100 percent disabled as a result of the injury. As such, David was under no obligation to mitigate damages, *see Earl,* 735 F.Supp. at 1174, even if the correct standard had been applied.

■ The Government also argues that the district court's award of money damages for pain and suffering was excessive, because objective evidence did not support David's complaints of disabling pain. Specifically, the Government argues that the court failed to consider adequately the testimony of its medical expert and surveillance videotapes showing Davis engaged in various physical activities. Reviewing the district court's award of damages under the clearly erroneous standard, *see Brown v. C. Volante Corp.,* 194 F.3d 351, 356 (2d Cir.1999), we, however, find that the district court made a reasoned assessment of the evidence presented in determining the scope of the damages award. That the court credited the testimony of David and his treating physicians, over the deposition testimony of the Government's medical expert and the surveillance videotapes is not clear error.[2]

In determining whether the district court's award of compensatory damages was excessive, we conduct a narrow review of the award, limited to whether the award is so high as to shock the judicial conscience and constitute a denial of justice. *DiSorbo v. Hoy,* 343 F.3d 172, 183 (2d Cir.2003) (citation and quotation omitted). Accordingly, the Government's argument that the court's award of pain and suffering damages was excessive is without merit, as the damages awarded by the district court are in accord with cases in which plaintiffs suffered similar injuries. *See, e.g., Lamuraglia v. New York City Transit Auth.,* 299 A.D.2d 321, 749 N.Y.S.2d 82 (N.Y.App.Div.2d Dep't.2002) (awarding $300,000 for pain and suffering to a plain-

---

**2.** The district court was free to credit plaintiff's arguments that the actions portrayed in the surveillance videotapes were consistent with the nature of the injuries alleged.

tiff that suffered a herniated disk, fractured vertebra, and chronic pain in his neck, shoulders, and extremities); *Van Ness v. New York City Transit Auth.*, 288 A.D.2d 374, 734 N.Y.S.2d 73 (N.Y.App. Div.2d Dep't 2001) (awarding $400,000 for future pain and suffering to a plaintiff who suffered knee and lower back injuries and had undergone arthroscopic surgery and physical therapy). Although the injuries presented in these cases were not identical to those suffered by David, they were sufficiently similar and thus, represented the scope of damages available for injuries of that type. Accordingly, we find that the district court's assessment of damages was not clearly erroneous.

■ We likewise find without merit David's argument that the district court erred in finding him 25 percent liable for his injuries because he was acting pursuant to orders from a superior officer. A district court's finding of comparative fault is reviewed for clear error. *Getty Oil Co. (Eastern Operations), Inc. v. SS Ponce De Leon*, 555 F.2d 328, 335 (2d Cir.1977). Although David was acting pursuant to an officer's orders, he was in a position to control the manner in which he executed the task, and thus, could have taken greater steps to ensure his own safety. This is in contrast to the cases that David cites as support for his argument, all of which involved seamen either acting pursuant to orders from superior officers in an emergency situation, or acting pursuant to orders prescribing the manner in which a task was to be performed. *See Simeonoff v. Hiner*, 249 F.3d 883, 890–91 (9th Cir. 2001); *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1323–25 (2d Cir.1990); *Darlington v. Nat'l Bulk Carriers, Inc.*, 157 F.2d 817, 819 (2d Cir.1946). Accordingly, the district court's finding of comparative fault was not clearly erroneous.

■ David also appeals the district court's decision not to award prejudgment interest. When asked by the district court if he agreed to the decision denying prejudgment interest, however, David's counsel answered affirmatively. This constituted a relinquishment or abandonment of David's claim to prejudgment interest, and thus waived the argument for purposes of this appeal. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (discussing the distinction between waiver and forfeiture).

For these reasons, the judgment of the district court is AFFIRMED.