■ KATHRYN BAKER, as Administratrix of the Estate of WILLIAM BAKER, Deceased, Respondent, v TURNER CONSTRUCTION COMPANY, Appellant, et al., Defendants. JOHN GRACE CO., INC., Third-Party Plaintiff, v DNS METAL INDUSTRIES, Third-Party Defendant-Respondent. (And a Fourth-, Fifth- and Second Fifth-Party Action.) [607 NYS2d 10] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 22, 1992, which, after jury trial, awarded plaintiff

$225,000 plus interest, costs and disbursements as against defendant Turner Construction Company ("Turner"), unanimously affirmed, with costs.

In this wrongful death action, plaintiff alleged that the decedent died due to an accident caused by the failure of Turner, the general contractor, to maintain a safe workplace, pursuant to Labor Law § 200. The decedent, a sheetmetal worker employed by third-party defendant DNS Metal Industries ("DNS"), was installing ductwork in an area where equipment unrelated to his own occupation was lying around; the equipment was neither owned by nor placed in the area by DNS. Decedent was seen falling backward, landing on the floor, with his legs draped over pipes which had been behind him as he worked; no one saw the beginning of the fall. Plaintiff argued that the decedent tripped and fell over the pipes, hitting his head, which caused death; defendant-appellant argued that decedent had a heart attack, fainted, fell, then hit his head. On appeal, defendant-appellant argues that there was insufficient evidence to support the jury's verdict in plaintiff's favor and that it was entitled to the jury's consideration of its claim for contribution against DNS.

"It is well established that, in reviewing a jury verdict for sufficiency, a court must examine the evidence in the light most favorable to the prevailing party * * * and that before the court may find that the verdict is not supported by sufficient evidence, it must 'first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " (Furia v Mellucci, 163 AD2d 88, lv denied 77 NY2d 803, quoting Cohen v Hallmark Cards, 45 NY2d 493, 499).

Applying these principles to the case at bar, we conclude that the jury's findings of negligence on the part of defendant Turner are sufficiently supported by the evidence. Turner's claim that the evidence was speculative on the question of cause of death is without merit. It is well settled that the weight to be accorded the conflicting testimony of experts is a matter peculiarly within the province of the jury (supra, at 89), and that the plaintiff in a wrongful death action is not held to as high a degree of proof as in a personal injury action (Noseworthy v City of New York, 298 NY 76). Finally, Turner's contention that the trial court erred in failing to apply Labor Law § 200 as against third-party defendant DNS and dismissing Turner's cross claim is equally without merit. No evidence

was presented to establish that DNS controlled the site where decedent was working or otherwise contributed to the situation which the jury found caused decedent's death. Concur— Carro, J. P., Ellerin, Asch and Nardelli, JJ.