■ BRENDA HAGAN, Appellant, v COMSTAT SECURITY, INC., Respondent, et al., Defendant. (And a Third-Party Action.) [625 NYS2d 196] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered March 9, 1994, which dismissed the complaint, unanimously affirmed, without costs.

Plaintiff was allegedly injured when a neighbor's dog bounded toward her, causing her to fall from an exterior balcony in the housing complex where she lived. In seeking to impose liability upon the defendant security service on the theory that she was an intended third-party beneficiary of the oral agreement between defendant and the housing complex, plaintiff has failed to raise a triable issue of fact as to whether she was within the ambit of the agreement.

In support of its motion for summary judgment, defendant submitted the affidavit of its president, who had negotiated the subject agreement, in which he set forth its terms, as well as the affidavit of one of its former security guards who was stationed in plaintiff's building at the time of the alleged accident, who set forth his duties under the agreement. These affidavits were sufficient to demonstrate that defendant did not owe plaintiff or other tenants any duty of care emanating from the terms of the contract, and shifted to plaintiff the burden of raising an issue of fact. This she failed to do, as the affidavit of the former building manager, who admittedly was unaware of the terms of the contract and could only guess as to its requirements, was insufficient for this purpose *(see, Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938).

Contrary to plaintiff's argument, the recent decision in *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579), rendered after the decision of the IAS Court herein, does not warrant a different result. In *Palka* there was testimony from one of the defendant's own employees with knowledge of the purpose of the contract which served as a basis for the finding of a contractual duty owed plaintiff in that case, despite the

absence of an explicit provision. Not only was the contractual undertaking more comprehensive in *Palka,* but the reasonable expectations of the defendants and the reasonable reliance of the plaintiff properly dovetailed into a duty of care extending to the plaintiff in that case, a circumstance distinguishable from the facts herein *(see also, generally, Milliken & Co. v Consolidated Edison Co.,* 84 NY2d 469, 477-479). Concur— Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.