■ BETH ISRAEL HOSPITAL NORTH, Respondent, v CASTLE OIL CORPORATION, Appellant. [632 NYS2d 78] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered August 9, 1994, which, after a jury trial, awarded plaintiff the sum of $149,314.83 and order, same court and Justice, entered September 12, 1994, which denied defendant's motion for reconsideration seeking to reduce the amount of the judgment to reflect the jury's apportionment of fault, unanimously affirmed, without costs.

Viewing the evidence in the light most favorable to the

prevailing party, as we must (*Baker v Turner Constr. Co.*, 200 AD2d 525, 526, *lv denied* 83 NY2d 755), there was a valid line of reasoning to support the jury's conclusion that the oil in the East River, for which plaintiff agreed to pay cleanup costs and thereafter sought indemnification from defendant, came from the over-filled oil tank located on plaintiff's premises. The verdict was supported by the Department of Environmental Conservation investigator's estimate of the quantity of oil spilled into the river and his testimony that oil stains were found on a sewer drain near plaintiff's premises.

The comments made by plaintiff's counsel were not as egregious as those in the cases relied upon by defendant (*see, e.g., Rodriguez v New York City Hous. Auth.*, 209 AD2d 260; *see also, Clarke v New York City Tr. Auth.*, 174 AD2d 268, 276-278) and, in any event, were either the subjects of sustained objections or prompt and effective curative instructions, and thus did not render the trial unfair.

Although the verdict apportioned fault between the parties, the trial court properly awarded plaintiff judgment for the full amount of its claim, since the broad indemnity clause clearly allowed indemnification even for damages caused, in part, by the active negligence of the indemnitee (*see, Kurek v Port Chester Hous. Auth.*, 18 NY2d 450, 456-457). Nothing in our determination of a prior appeal in this action, merely affirming denial of a motion and cross motion for summary judgment (194 AD2d 499), precluded the trial court's proper application of this legal principle.

We have considered defendant's other arguments, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch and Mazzarelli, JJ.