■ AYERTON SANTOS, Respondent, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Defendants, and BELL SECURITIES, INC., Appellant. (And a Third-Party Action.) [632 NYS2d 110] —Order, Supreme Court, New York County (Carol Arber, J.), entered February 21, 1995, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment, unanimously affirmed, with costs.

In an action for personal injuries allegedly sustained when plaintiff fell while cleaning a moving escalator in the course of his employment, triable issues of fact preclude summary judgment, including whether appellant security guard service was responsible for and had control over starting and stopping the escalator at the time of the accident. If so, an issue of fact exists as to whether it owed a duty to plaintiff to promptly turn off the escalator when he asked its employee to do so. Also present is a question of to what extent, if any, plaintiff's own culpable conduct, in attempting to clean a moving escalator (*see, Ugarriza v Schmieder*, 46 NY2d 471, 475-476), caused his injury (*see, Arbegast v Board of Educ.*, 65 NY2d 161, 168, 171). We note that it will be plaintiff's burden at trial to establish the existence of such duties but on this motion for summary judgment, the burden was on movant-appellant to demonstrate they did not exist (*see, Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294). Concur—Rosenberger, J. P., Ellerin, Wallach and Tom, JJ.