■ FRANCIS HELLER et al., Respondents-Appellants, v 83RD STREET INVESTORS LIMITED PARTNERSHIP et al., Respondents-Appellants, et al., Defendant. 83RD STREET INVESTORS, L. P., et al., Third-Party Plaintiffs-Respondents-Appellants, v CENTURY MAXIM CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant, and JANSON ASSOCIATES INC., Third-Party Defendant-Respondent. 83RD STREET INVESTORS, L. P., et al., Second Third-Party Plaintiffs-Respondents-Appellants, v INNER CITY DRYWALL CORP., Second Third-Party Defendant-Appellant-Respondent. [645 NYS2d 8]

In this action for personal injuries suffered by plaintiff-worker when he was struck by an 8 foot wooden 4 by 4 plank in use at a construction site, we find that the evidence, viewed in the light most favorable to the prevailing party (*Beth Israel Hosp. N. v Castle Oil Corp.*, 220 AD2d 257, *lv denied* 87 NY2d 891), supports the jury's findings on liability.

Century, as the concrete contractor regularly using the 4 by 4s, stacking them in unsecured bundles at the edge of the building and then, after binding them with wire, hoisting the bundles to higher floors with its crane swinging them 10 to 12 feet away from the building, was in possession and control of the lumber. There was also testimony that Century's carpenters were working above the area where plaintiff was injured, but none that other trades were using 4 by 4s at the time. Thus, although no one saw the precise location from which the plank fell, that Century was negligent and that its negligence was a proximate cause of the accident could reasonably be inferred

(*see, Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 205).

·A contribution claim against Inner City was properly submitted to the jury since the reasonable expectations and interrelationships of the parties, under the circumstances here present, would give rise to a duty and basis of liability not premised on a mere breach of contract (*see, Hagan v Comstat Sec.*, 214 AD2d 435, 436, citing *Palka v Servicemaster Mgt. Serv. Corp.*, 83 NY2d 579; *Trustees of Columbia Univ. v Siegel & Assocs. Architects*, 192 AD2d 151, 154-155).

With respect to defendant Investors, the project construction manager charged with primary responsibility for maintaining overall safety at the project, the court submitted two possible theories of liability, under Labor Law §§ 200 and 241 (6). The jury rendered a special verdict finding it liable under both theories. To the extent that Investors' liability is based on section 241 (6), it cannot stand since it is improperly premised on a violation of a provision of the Administrative Code of the City of New York. Only a violation of the State Industrial Code and regulations promulgated by the State Commissioner of Labor may serve as a basis for liability under that statutory section (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502; *Ciraolo v Melville Ct. Assocs.*, 221 AD2d 582, 583; *Fox v Hydro Dev. Group*, 222 AD2d 1124). The record, however, amply supports the alternative finding of liability against Investors under section 200 of the Labor Law. Since liability under that section is necessarily predicated upon negligence or fault, in distinction to statutorily imposed liability irrespective of fault, as under sections 240 and 241, the trial court properly dismissed Investors' claims for both common law and contractual indemnity (*see, Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs.*, 109 AD2d 449, 453; General Obligations Law § 5-322.1).

As to damages, it was for the jury to resolve the conflict in expert testimony as to whether plaintiff's injury was a trauma-related disc herniation caused by the accident or a degenerative condition (*see, Banayan v Woolworth Co.*, 211 AD2d 591, 593; *Lichtenstein v Bauer*, 203 AD2d 89), and, upon our review of the record, we find that the principal amount awarded, as reduced by the trial court, was appropriate in every respect.

We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.