■ ATLANTIC MUTUAL INSURANCE COMPANY, as Subrogee of HEALTH INSURANCE PLAN OF GREATER NEW YORK, Also Known as H.I.P., Respondent, v UNITED SECURITY GROUP, INC., et al., Appellants and Third-Party Plaintiffs. WESTCHESTER CREEK CORP.,

Third-Party Defendant-Respondent, et al., Third-Party Defendants. [654 NYS2d 739] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 4, 1996, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The agreement between plaintiff's subrogor and defendant does not preclude tort claims by either the contracting tenant or the noncontracting owner arising from the security company's negligent performance of its services.

Based upon defendant security company's reasonable expectations and the non-contracting building owner's detrimental reliance on its tenant's agreement with the security company, the owner is within the intended ambit of contractual beneficiaries entitled to seek recovery in tort for breach of the agreement (*see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587; *cf., Hagan v Comstat Sec.*, 214 AD2d 435).

We agree with the motion court's determination that the criminal conduct was not, as a matter of law, an intervening cause of the fire and resulting insurance losses. A trier of fact could find that the arson was a foreseeable act, in view of the security guard's conversation with the apparent arsonist and decision to leave his post just minutes before the fire broke out.

We have considered plaintiff-respondent's contentions for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli and Tom, JJ.