■ JACQUELINE HUNTER et al., Appellants, v PEREZ INTERBORO ASPHALT COMPANY, INCORPORATED, Respondent, et al., Defendants. (And a Third-Party Action.) JACQUELINE HUNTER et al., Respondents-Appellants, v CITY OF NEW YORK, Defendant, PEREZ INTERBORO ASPHALT COMPANY, INCORPORATED, Respondent, and GOODKIND & O'DEA, INC., Appellant-Respondent. (And a Third-Party Action.) [655 NYS2d 482] —Order of the Supreme Court, New York County (Louis York, J.), entered September 4, 1996, which denied defendant Goodkind & O'Dea's motion for summary judgment dismissing the complaint, cross claims and third-party complaint as against it, and which granted defendant Perez Interboro Asphalt Company, Incorporated's cross motion for summary judgment dismissing the complaint as against it, and order of the same court and Justice, entered on or about October 17, 1996, which, *inter alia*, denied plaintiffs' motion to renew, unanimously modified, on the law, to the extent of denying defendant Perez's motion for summary judgment and reinstating the complaint as to Perez and, except as so modified, affirmed, without costs. Plaintiffs' motion to strike respondent Goodkind & O'Dea's brief is denied.

Plaintiff Jacqueline Hunter was injured when a truck struck a timber curb that formed part of a wooden construction barricade. The timber was allegedly protruding three or four feet into the lane of traffic, was not affixed to two other timbers

comprising the triangular barricade and was not pinned to the roadway or any other structure. As a result, it rolled over onto Mrs. Hunter's foot as she was standing on the sidewalk at the corner of the street.

Defendant Goodkind & O'Dea (G&O), the engineering inspection contractor pursuant to a contract with the City of New York, and defendant Perez Interboro Asphalt Company (Perez), the prime contractor, cross-claimed against each other for contribution and indemnification. G&O moved for summary judgment dismissing all claims against it on the grounds that its contract with the City imposed no duty to plaintiffs; that the City prescribed the design and construction of the barricade; and that, even assuming that the contract imposed duties to non-parties to the agreement, any breach of contract specifications was not the proximate cause of plaintiff Jacqueline Hunter's injuries. Defendant Perez cross-moved for summary judgment dismissing the complaint as against it on the ground that it had not deviated from the City's barricade specifications, relying entirely upon G&O's submissions to demonstrate its freedom from negligence.

Supreme Court denied G&O's motion and granted Perez's cross motion for summary judgment. The court also denied plaintiff's subsequent motion to "renew and reargue" the award of summary judgment to Perez.

The duties imposed upon G&O under its contract with the City included monitoring the work site "so as to provide a safe environment for both workers and the general public". The list of services to be provided pursuant to article III of the contract includes the requirement to "2) Check the erection of structures necessary to protect the public during the construction operations." Thus, it is reasonable to conclude that the inspections to be performed by G&O were not only for the purely commercial purpose of ensuring compliance with the requirements of the contract, but also for the broader purpose of ensuring the safety of the public (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). The reasonable expectation of pedestrians that the construction site would be maintained so as to permit safe passage is altogether consonant with the expectation of defendant G&O regarding its duty under the contract (*Palka v Servicemaster Mgt. Servs. Corp., supra*, at 589; *cf., Hagan v Comstat Sec.*, 214 AD2d 435, 436; *see also, Heller v 83rd St. Investors Ltd. Partnership*, 228 AD2d 371, *lv denied* 88 NY2d 815).

As to defendant Perez, while conformance with contract specifications would insulate the contractor from liability (*Stevens*

*v Bast Hatfield*, 226 AD2d 981; *Morriseau v Rifenburg Constr.*, 223 AD2d 981; *Quinn v Nigro Bros.*, 216 AD2d 281), it has not been established that the timbers forming the curb of the barricade were pinned to the ground, as required. While the testimony of the City's engineer, upon which Perez relied, was to the effect that he did not see any deviations from this particular specification, plaintiffs submitted a contradictory portion of the same witness's deposition testimony, in which he stated that he did not remember looking to see if the timbers were pinned to the ground. The affidavit of G&O's project engineer states only that there were no deviations from the contract or from the attendant traffic control plan, in general, without addressing the requirement to pin the timbers to the ground, in particular. Even granting that the affidavit of G&O's engineer is sufficient to meet Perez's burden to set forth a prima facie case, as movant, that it had not breached any duty (*see, Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295; *Santos v Equitable Life Assur. Socy.*, 220 AD2d 274; *Buckle v Buhre Ave. Foods*, 232 AD2d 269), there remains a question of fact with respect to Perez's compliance with the specifications of the contract.

As concerns plaintiffs' later motion, we agree with Supreme Court that the moving papers state no basis for renewal. Plaintiff has offered no reason why the purported new evidence, the affidavit of an engineer, could not have been submitted on the original application. Concur—Murphy, P. J., Wallach, Rubin and Williams, JJ.