■ WILLIAM A. VAN DIEPEN, Doing Business as VAN DIEPEN AND Co., et al., Respondents, v KIDDER, PEABODY & Co. INCORPORATED, Appellant, et al., Defendant. [665 NYS2d 267] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 3, 1996, after a jury trial, in favor of plaintiff and against defendant in the sum of $530,772.82, plus interest, costs and disbursements, unanimously affirmed, with costs.

In this action seeking damages alleging breach of contract, quantum meruit and fraud with respect to compensation pur-

suant to two letter agreements concerning plaintiff's role in certain financing transactions, there existed a jury question as to the scope of and extent to which each party was required to act pursuant to each agreement.

The court properly charged the jury with respect to plaintiff's burden of proof (*see, Creighton v Milbauer*, 191 AD2d 162, 165), and the rights and obligations of defendant not to frustrate or prevent the occurrence of a condition precedent to plaintiff's performance of the contract by failing to advise him of certain financings (*see, Cauff, Lippman & Co. v Apogee Fin. Group*, 807 F Supp 1007, 1022). Viewing the evidence in the light most favorable to plaintiff as the prevailing party, there is a valid line of reasoning and permissible inferences upon which a rational jury could find defendant liable to plaintiff, under both agreements (*see, Baker v Turner Constr. Co.*, 200 AD2d 525, *lv denied* 83 NY2d 755). Defendant fails to demonstrate that the jury's finding that no settlement had occurred was unsupported by any valid and reasonable view of the evidence presented. Nor is there any basis to overturn the jury's assessment of damages (*see, Charles J. Hecht, P. C. v Clowes*, 224 AD2d 312). Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Tom, JJ.