■ BARBARA RICHARDSON, Appellant, v JOHN DANNA & SONS et al., Respondents. [664 NYS2d 780] —Judgment, Supreme

Court, Bronx County (Barry Salman, J., and a jury), entered April 30, 1996, dismissing the complaint, and bringing up for review an order, same court and Justice, entered October 29, 1994, which denied plaintiff's motion to set aside the verdict, unanimously affirmed, without costs.

Viewed in the light most favorable to the prevailing party (*Heller v 83rd St. Investors Ltd. Partnership*, 228 AD2d 371, *lv denied* 88 NY2d 815), the evidence supports the jury's finding that defendants' negligence was not a proximate cause of plaintiff's injuries. The conflict in expert opinion as to whether plaintiff's disc herniation resulted from the trauma of the accident or was a degenerative condition, like other questions of credibility, was for the jury to resolve (*supra*, at 372). There is no merit to plaintiff's unpreserved argument that defendants advanced several theories on the issue of proximate cause some of which were not supported by the evidence, and that the general verdict is therefore defective, since defendants did not have the burden of proof on the issue of proximate cause, advanced no affirmative defenses on which they did have a burden of proof, and their "theories" did no more than challenge the credibility of plaintiff's case (*compare, Davis v Caldwell*, 54 NY2d 176).

Nor did the trial court err in denying a missing witness charge with respect to defendant driver since, a verdict with respect to negligence having been directed, the driver could not have had anything material to say. We have considered plaintiff's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.