■ ZAIMAH BROWN et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [673 NYS2d 446] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered May 7, 1997, which, upon a jury verdict finding it 70% at fault and the infant plaintiff 30% at fault in the happening of the accident and awarding the plaintiffs the principal sum of $800,000 ($50,000 for past pain and suffering, $500,000 for future pain and suffering, and $250,000 for future medical expenses), is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed, on the facts and as a

matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $500,000 to the sum of $300,000, and to reduce the verdict as to future medical expenses from the sum of $250,000 to the sum of $10,000, and to the entry of an appropriate amended judgment in their favor; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The infant plaintiff sustained second and third degree burns to her right leg when it became caught between two exposed steam pipes in her bedroom. The burns required a skin graft operation and resulted in a keloid scar.

Contrary to the defendant's contentions on appeal, the verdict as to liability was not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). Moreover, the Supreme Court properly precluded the defendant from seeking contribution from the infant plaintiff's mother on a theory of negligent supervision (see, LaTorre v Genesee Mgt., 90 NY2d 576; Nolechek v Gesuale, 46 NY2d 332).

However, the award of future medical expenses and the award for future pain and suffering was excessive to the extent indicated herein, in that it deviated materially from what would be reasonable compensation (see, CPLR 5501 [c]; Lyall v City of New York, 228 AD2d 566; O'Brien v Covert, 187 AD2d 419).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.