■ AUBREY PARRIS et al., Respondents, v SHARED EQUITIES Co. et al., Defendants and Third-Party Plaintiffs-Respondents. ATLAS WELDING AND BOILER REPAIR, INC., Third-Party Defendant-Appellant. [721 NYS2d 634] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered December 1, 1999, which, upon a jury verdict, awarded plaintiff Aubrey Parris, *inter alia*, $2,250,000 for past pain and suffering and $1,000,000 for future pain and suffering and awarded plaintiff Marva Parris $300,000 for past loss of services and $200,000 for future loss of services, unanimously modified, on the facts, to vacate the awards for past and future loss of services, and to direct a new trial on the issues of such damages only, and

otherwise affirmed, without costs, unless plaintiffs stipulate, within 30 days of the service of a copy of this order with notice of entry, to decrease the awards for past loss of services to $200,000, and for future loss of services to $100,000, and to entry of an amended judgment in accordance therewith.

The trial court properly directed a verdict against third-party defendant boiler repair contractor Atlas Welding and Boiler Repair, Inc., requiring Atlas to provide common-law indemnification to third-party plaintiffs for damages suffered by plaintiff, Atlas's employee, while repairing a boiler upon the third-party plaintiff's premises. Since the trial evidence, rationally considered, permitted no other conclusion but that it was Atlas, and not third-party plaintiff owners, that controlled the subject work site and the work in which plaintiff was engaged at the time of his accident, the owners were entitled to common-law indemnification from Atlas for their purely statutory liability pursuant to Labor Law § 240 (1) and § 241 (6) (see, Kelly v Diesel Constr. Div., 35 NY2d 1, 6; Guillory v Nautilus Real Estate, 208 AD2d 336, appeal dismissed and lv denied 86 NY2d 881).

Plaintiff, who was 59 years old at the time of the accident, fell into a three-foot deep pit of scalding water sustaining second and third-degree burns to his legs and feet. He was hospitalized for 28 days and underwent excruciatingly painful debridement and skin grafting procedures resulting in permanent scarring to his legs and feet. We find the award to the wife to be excessive to the extent indicated. Concur—Tom, J. P., Andrias, Ellerin, Rubin and Saxe, JJ.