■ TKO FLEET ENTERPRISES, INC., Respondent, v ELITE LIMOUSINE PLUS, INC., et al., Appellants. [729 NYS2d 193] —In an action, *inter alia,* to recover damages for tortious interference with contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated May 8, 2000, as denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. "[O]n a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated" (*Board of Educ. v County of Westchester,* 282 AD2d 561, 562; *see, Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318). Contrary to the defendants' contention, the plaintiff is not precluded from seeking relief based upon the franchise agreements in this case, even though the plaintiff allegedly violated General Business Law § 683 (1) by failing to register an offering prospectus with the Attorney General (*see,* General Business Law § 691 [1]). Furthermore, on its face, the restrictive covenant contained in each of the franchise agreements is reasonable, and is neither overbroad nor so burdensome as to render it invalid (*see, BDO Seidman v Hirshberg,* 93 NY2d 382; *Trans-Continental Credit Collection Corp. v Foti,* 270 AD2d 250).

The defendants' remaining contentions are without merit. Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.