■ JOSEPH KOMFORTI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [739 NYS2d 438] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), dated September 11, 2000, which, upon a jury verdict, and upon an order of the same court granting that branch of the defendants' motion which was to vacate the award for future neurological services, is in favor of the plaintiff and against them in the principal sums of $200,000 for past pain and suffering, $400,000 for future pain and suffering, $397,561 for future physical therapy or chiropractic care, and $200,000 for future physiatrist care.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof awarding damages for future pain and suffering and a new trial is granted with respect to that item only; as so modified, the judgment is affirmed, with costs, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for future pain and suffering from $400,000 to $300,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On November 23, 1995, the plaintiff's vehicle was involved in

a collision with a bus. As a result, he sustained herniated discs at the L4-L5 level, the L5-S1 level, and the C3-C4 level. The plaintiff commenced the instant action against the New York City Transit Authority and the bus driver. After a jury trial, the plaintiff was awarded $200,000 for past pain and suffering, $400,000 for future pain and suffering, $397,561 for future physical therapy or chiropractic care, $200,000 for future physiatrist care, and $160,000 for future neurosurgical services, totaling $1,357,561. The Supreme Court reduced the award by $160,000 because there was not sufficient support in the record regarding the need for future neurosurgical services. The defendant appeals on the ground that the award is still excessive.

Considering the nature of the plaintiff's injuries, the award for past pain and suffering did not deviate substantially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Gonzalez v Felson,* 244 AD2d 525; *Mullen v Zoebe,* 205 AD2d 598, *affd* 86 NY2d 135). However, the award for future pain and suffering did deviate substantially from what would be reasonable compensation to the extent indicated herein. The award for future medical and related services was substantiated by the plaintiff's expert medical witnesses (*see Sanvenero v Cleary,* 225 AD2d 755). This testimony was uncontroverted. Florio, J.P., McGinity and Schmidt, JJ., concur.

Luciano, J., concurs in part and dissents in part, and votes to affirm the judgment with the following memorandum: The jury's award of $400,000 for future pain and suffering did not deviate materially from what is reasonable compensation (*see* CPLR 5501 [c]).

The evidence presented in this case established that, as the result of an automobile accident, the plaintiff suffered three herniated discs, postconcussion syndrome, and nerve root compression. He was operated on once and the need for further surgery is indicated. There was evidence that the plaintiff suffers severe pain which is likely to increase as he ages, and that his life expectancy is 32.6 years. The defendants offered not a scintilla of evidence to dispute and controvert the testimony of the plaintiff and his experts.

The authority of the jury is central to our system of tort litigation. It is ineluctable that the amount of damages awarded for personal injuries is primarily a question of fact for the jury and should only be set aside where the verdict is inadequate or excessive (*see Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408). CPLR 5501 (c) permits this court to set aside an award of damages which is alleged to be excessive

only "if it deviates materially from what would be reasonable compensation." This court's authority, therefore, to set aside a jury's damage award should not be indulged lightly. Under the circumstances of this case, the majority's ordering of a new trial on damages for future pain and suffering unless the plaintiff accepts a reduction of the award of $400,000 to $300,000, is an unambiguous, unwarranted interference with the province of the jury (*see Gonzalez v Felson,* 244 AD2d 525). It defies common sense for the court to conclude that $400,000 for the plaintiff's future pain and suffering is excessive, while $300,000 is reasonable. To substitute this court's view of what is reasonable compensation herein results in a shift of the center of authority to award damages without adding an iota of wisdom in the resolution of what is reasonable compensation for this plaintiff's injuries.