■ Mary Lewis, Appellant, v Mabel Drake, Respondent. [744 NYS2d 856] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered August 30, 2001, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, with costs, the motion is denied, and the complaint is reinstated.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the Supreme Court must determine whether, accepting as true the factual averments in the complaint and according the plaintiff the benefit of all favorable inferences which may be drawn therefrom, the plaintiff "can succeed upon any reasonable view of the facts stated" (*People v New York City Tr. Auth.,* 59 NY2d 343, 348; *Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318; *see also Blumenreich v North Shore Health Sys.,* 287 AD2d 529; *TKO Fleet Enters. v Elite Limousine Plus,* 286 AD2d 436). Applying this standard, the complaint states a cause of action to recover damages for the defendant landlord's alleged breach of a duty to maintain the leased premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233; *see also Delaney v First Concourse Mgt. Co.,* 275 AD2d 233; *Fleming v New York City Hous. Auth.,* 262 AD2d 525; *Brown v New York City Hous. Auth.,* 250 AD2d 719; *Morinia v New York City Hous. Auth.,* 250 AD2d 657). Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.