■ GLENIS DUPAL, Respondent, v CITY OF NEW YORK, Appellant. [751 NYS2d 427] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Levin, J.), entered July 10, 2001, which, upon a jury verdict finding it 100% at fault in the happening of the accident, and awarding damages of $150,000 for past pain and suffering, $550,000 for future pain and suf-

fering, $10,401.67 for past medical expenses, and $32,054 for past lost earnings, and upon an order of the same court (I. Aronin, J.), dated September 19, 2000, granting its motion to set aside the verdict pursuant to CPLR 4404 only to the extent of directing a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to reduce the verdict as to those damages from $550,000 to $400,000, and upon the plaintiff's stipulation so reducing the damages, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by deleting the provision thereof awarding damages for future pain and suffering, and a new trial is granted on that issue only; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file with the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further reduce the verdict as to damages for future pain and suffering from $400,000 to $300,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so further reduced and amended, is affirmed, without costs or disbursements.

Over the objection of the defendant City of New York, the trial court charged the jury on the doctrine of res ipsa loquitur. Contrary to the City's contention, the charge was proper. A res ipsa loquitur charge permits a jury to infer negligence where the actual cause of the injury is unknown and ordinarily would not occur in the absence of someone's negligence (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). Accordingly, the charge was appropriate under the circumstances of this case.

While the amount of damages to be awarded for personal injuries is a question of fact for the jury, the award may be set aside when it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Servs.*, 239 AD2d 408, 409; *Parros v 1500 Realty Co.*, 226 AD2d 607). Considering the nature and extent of the plaintiff's injuries, the jury award for future pain and suffering deviates materially from what would be reasonable compensation (*see Van Ness v New York City Tr. Auth.*, 288 AD2d 374).

The City's remaining contention is without merit. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.