■ ALFONSO GOADY, Respondent, et al., Plaintiff, v UTOPIA HOME CARE AGENCY et al., Appellants. [759 NYS2d 183] —In an

action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Nassau County (Martin, J.), dated May 16, 2002, which, upon a jury verdict finding that the infant plaintiff, Alfonso Goady, sustained damages of $200,000 for past pain and suffering and $100,000 for future pain and suffering, is in favor of the plaintiffs and against them, and (2) so much of an order of the same court dated June 28, 2002, as denied their motion to set aside the verdict as to damages as against the weight of the evidence.

Ordered that the judgment is reversed, on the facts, the law, and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after the service upon the plaintiffs of a copy of this decision and order, the plaintiff Mary Goady shall serve and file with the Office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $200,000 to the sum of $125,000, and to reduce the verdict as to damages for future pain and suffering from the sum of $100,000 to $25,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Mary Goady so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 28, 2002, is modified accordingly.

The injured infant plaintiff, Alfonso Goady (hereinafter the infant plaintiff), was injured when a hot iron fell from an ironing board, striking him in the back of the right thigh resulting in a second-degree burn, approximately five centimeters in length. The burn resulted in a keloid scar which was removed during a surgical procedure which was primarily undertaken to address the infant plaintiff's physical complications brought on by his unrelated cerebral palsy.

Following a jury verdict in favor of the injured plaintiff on the issue of liability, a jury trial was conducted on the issue of damages. The evidence indicated, inter alia, that the infant plaintiff's pain was intense at the instant of the burn, and he was in some pain for several months thereafter. He was not hospitalized and he did not need any skin grafts. A keloid scar developed which was removed during unrelated surgical procedures. The infant plaintiff testified that, following removal of the keloid tissue, he has had itching and throbbing for several seconds approximately three times per week which feels like "multiple bee stings." The evidence indicates that he

has no other symptoms, he is not currently receiving any treatment related to the burn, and there was no evidence at trial that future treatments will be required. The jury awarded the infant plaintiff $200,000 for past pain and suffering and $100,000 for future pain and suffering. The defendants appeal, arguing that the verdict as to damages was against the weight of the evidence.

While the amount of damages to be awarded for personal injuries is primarily a question for the jury, it may be set aside if it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Dupal v City of New York,* 300 AD2d 619 [2002]; *In Soo Kim v Jung Woo Constr. Corp.,* 264 AD2d 467 [1999]). Considering the nature and extent of the infant plaintiff's injury, the jury award for both past pain and suffering and future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated (*see Fleming v New York City Hous. Auth.,* 262 AD2d 525 [1999]; *Brown v New York City Hous. Auth.,* 250 AD2d 719 [1998]; *Whitfield v City of New York,* 239 AD2d 492 [1997]).

The defendants' remaining contentions are without merit. Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.