■ RITA LIFSHITS, Appellant-Respondent, v VARIETY POLY BAGS et al., Respondents-Appellants. [773 NYS2d 304]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 9, 2002, as granted those branches of the defendants' motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict as excessive to the extent of granting a new trial unless she stipulated to reduce the award for past pain and suffering from the sum of $200,000 to the sum of $150,000 and to reduce the award for future pain and suffering from the sum of $825,000 to the sum of $100,000, and the defendants cross-appeal from stated portions of the same order which, inter alia, denied that branch of their motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against them, and for judgment in their favor as a matter of law.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof granting those branches of the defendants' motion which were to set aside the jury verdict as excessive to the extent of granting a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the awards for those damages to the sums of $150,000 and $100,000, respectively, and substituting therefor a provision denying that branch of the motion which was to set aside the verdict for past pain and suffering and granting that branch of the motion which was to set aside the verdict for future pain and suffering to the extent of granting a new trial on the issue of damages for future pain and suffering, unless within 30 days after service of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering to the sum of $500,000; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's vehicle was struck by a truck owned and operated by the defendants. Liability was established as a matter of law (*see Lifshits v Variety Poly Bags,* 278 AD2d 372 [2000]). After a trial on the issue of damages, the jury determined that the

plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and awarded her damages in the sum of $200,000 for past pain and suffering and $825,000 for future pain and suffering. Among her injuries was a herniated disc which caused pain, numbness, and restricted range of motion, ultimately requiring spinal fusion surgery.

Contrary to the defendants' contention, the evidence was legally sufficient to support the jury's determination that the plaintiff sustained a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]; *see Manzano v O'Neil,* 98 NY2d 345, 355 [2002]). Further, the jury's finding that her injuries were caused by the accident was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]).

While the Supreme Court properly concluded that the jury award for future pain and suffering was excessive, it improvidently exercised its discretion in conditionally reducing those damages to the sum of $100,000. We conclude that the sum of $500,000 is an appropriate award. Further, the Supreme Court should not have conditionally reduced the damages awarded for past pain and suffering. The jury award for those damages does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The defendants' remaining contentions are unpreserved for appellate review or without merit. Altman, J.P., Krausman, Crane and Cozier, JJ., concur.