■ TOMASZ PITERA, Respondent, v THOMAS WINZER, Appellant. [794 NYS2d 437]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated August 18, 2004, which, upon a jury verdict on the issue of damages awarding the plaintiff the sums of $450,000 for past pain and suffering and $650,000 for future pain and suffering, is in favor of the plaintiff and against him.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only unless, within 30 days after service upon the plaintiff of a copy of this decision and order he shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the damages for past pain and suffering from the sum of $450,000 to the sum of $200,000, and the damages for future pain and suffering from the sum of $650,000 to the sum of $350,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

In view of the trial court's ruling that it would not submit the issue of lost earnings to the jury, it was improper for the plaintiff's attorney to make references on summation to the amount of wages the plaintiff was earning at the time of the accident. However, the court promptly sustained objections to these remarks, and issued curative instructions advising the jury that there was no claim for lost earnings in the case. Under these circumstances, these isolated comments did not deprive the defendant of a fair trial (*see Blanar v Dickinson,* 296 AD2d 431 [2002]; *Beth Israel Hosp. N. v Castle Oil Corp.,* 220 AD2d 257 [1995]; *Kiker v Nassau County,* 175 AD2d 99 [1991]).

While the amount of damages to be awarded for personal injuries is primarily a question for the jury, it may be set aside if it deviates materially from what would be reasonable

compensation (*see* CPLR 5501 [c]; *Dupal v City of New York,* 300 AD2d 619 [2002]; *Iovine v City of New York,* 286 AD2d 372, 373 [2001]). Here, upon consideration of the nature and extent of the plaintiff's injuries, the jury awards for past and future pain and suffering deviate materially from what would be reasonable compensation (*see Tsamasiros v Hughes,* 5 AD3d 377 [2004]; *Lifshits v Variety Poly Bags,* 5 AD3d 566 [2004]; *Venancio v Clifton Wholesale Florist,* 1 AD3d 505 [2003]; *Komforti v New York City Tr. Auth.,* 292 AD2d 569 [2002]; *Dupal v City of New York, supra; Van Ness v New York City Tr. Auth.,* 288 AD2d 374 [2001]). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.