■ RITA LIFSHITS, Appellant, v VARIETY POLY BAGS et al., Respondents. [795 NYS2d 657]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 19, 2004, which denied her motion, in effect, to modify the date for the calculation of interest as set forth in a judgment of the same court entered April 13, 2004, to provide for interest on the principal sum awarded from December 18, 2000, and which, in effect, granted that branch of the defendants' cross motion which was to modify the date for the calculation of interest as set forth in the judgment to provide for interest on the award for future damages of $500,000 from March 15, 2004.

Ordered that the order is reversed, on the law, with costs, the motion is granted, that branch of the cross motion which was to modify the date for calculation of interest as set forth in the judgment to provide for interest on the award for future damages of $500,000 from March 15, 2004, is denied, and the matter is remitted to the Supreme Court, Kings County, to recalculate interest in accordance herewith, and for the entry of an amended judgment thereafter.

The instant appeal by the plaintiff is the third appeal to this Court in this action. The first appeal, taken from an order denying the plaintiff's motion for summary judgment on the issue of liability, resulted in our decision and order dated December 18, 2000 (see Lifshits v Variety Poly Bags, 278 AD2d 372 [2000]) (hereinafter Lifshits I). The second involved an appeal and cross appeal from an order determining the defendants' motion pursuant to CPLR 4404 (a) following the trial on the issue of damages, and resulted in our decision and order dated March 15, 2004 (see Lifshits v Variety Poly Bags, 5 AD3d 566 [2004]) (hereinafter Lifshits II).

In Lifshits II we stated, in relevant part, as follows: "the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof granting those branches of the defendants' motion which were to set aside the jury verdict as excessive to the extent of granting a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the awards for those damages to the sums of $150,000 and $100,000, respectively, and substituting therefor a provision denying that branch of the motion which was to set aside the verdict for past pain and suffering and granting that branch of the motion which was to set aside the verdict for future pain and suffering to the extent of grant-

ing a new trial on the issue of damages for future pain and suffering, unless within 30 days after service of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering to the sum of $500,000; as so modified, the order is affirmed, without costs or disbursements." (5 AD3d at 566.)

Pursuant to this determination, the plaintiff filed a stipulation dated March 19, 2004, signed by her attorney, which stated "plaintiff consents to reduce the verdict as to damages for future pain and suffering to the sum of $500,000." Based upon that stipulation and our decision and order in Lifshits II, a clerk's judgment was entered by the plaintiff on April 13, 2004, which provided for interest on the entire principal sum set forth therein (i.e., $200,000 for past pain and suffering and $500,000 for future pain and suffering) from September 18, 2002, the date of the jury verdict upon the damages trial.

The defendants concede, as they did before the Supreme Court, that the plaintiff was entitled, pursuant to CPLR 5002, to interest on that portion of the verdict which awarded her past damages in the sum of $200,000 from December 18, 2000, the date of this Court's determination in favor of the plaintiff in Lifshits I. As there was no dispute that December 18, 2000, was the proper date for calculation of interest on the $200,000 award for past damages, the use of September 18, 2002, to calculate prejudgment interest on the entire principal sum of the judgment, $700,000,—which included the $200,000 for past damages—clearly was erroneous to the extent it was applied to the $200,000.

Furthermore, prejudgment interest should have been calculated on the plaintiff's future damages of $500,000 from December 18, 2000, the date of this Court's determination in the plaintiff's favor in Lifshits I (see Love v State of New York, 78 NY2d 540 [1991]; Pay v State of New York, 87 NY2d 1011 [1996]; Hayes v City of New York, 264 AD2d 610 [1999]). Contrary to the conclusion reached by the Supreme Court, the fact that the plaintiff consented to our determination in Lifshits II as to the appropriate award for future damages by her stipulation dated March 19, 2004, did not preclude or negate the plaintiff's entitlement to prejudgment interest. Neither our decision in Lifshits II nor the ensuing stipulation addressed the issue of interest, and the plaintiff's statutory entitlement to it was not waived by her acceptance of our earlier determination of the appropriate principal amount of her future damages.

Accordingly, we remit the matter to the Supreme Court, Kings County, for recalculation of interest in accordance herewith and for the entry of an amended judgment thereafter. Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.