GHEORGHE STEFANESCU, Appellant, v CITY OF NEW YORK, Respondent. [819 NYS2d 49]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated February 14, 2005, which, upon a jury verdict in his favor finding that he sustained damages in the principal sums of $650,000 for past pain and suffering and $100,000 for future pain and suffering, granted that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the verdict on the issue of damages to the extent of granting a new trial on the issue of damages unless the plaintiff stipulated to reduce the verdict as to past pain and suffering from the sum of $650,000 to the sum of $150,000 and as to future pain and suffering from the sum of $100,000 to the sum of $50,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting therefrom the sum of $150,000 and substituting therefor the sum of $250,000; as so modified, the order is affirmed, with costs to the plaintiff.

We find that the jury verdict deviated materially from what would constitute reasonable compensation (*see* CPLR 5501 [c]). Treatment for the plaintiff's burns required minimal hospitalization, standard care, did not require skin grafts or surgery, and at the time of trial, no scarring was visible (*compare Goady v Utopia Home Care Agency*, 305 AD2d 540, 542 [2003], *and Lyall v City of New York*, 228 AD2d 566, 567 [1996], *with Rivera*

*v City of New York,* 160 AD2d 985 [1990], *and Parris v Shared Equities Co.,* 281 AD2d 174, 175 [2001]). The Supreme Court providently exercised its discretion in determining that damages as to future pain and suffering should be reduced from the sum of $100,000 to the sum of $50,000.

However, although the Supreme Court correctly concluded that the jury verdict finding damages in the sum of $650,000 as to past pain and suffering was excessive, the award should be reduced to $250,000 rather than $150,000, as determined by the Supreme Court, in light of the great deal of pain suffered by the plaintiff for a short time after the accident. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.