■ MARIA HERNANDEZ et al., Plaintiffs, v RACANELLI CONSTRUCTION COMPANY, INC., et al., Defendants, and NIEGO ASSOCIATES, Respondent. MENLO ASSOCIATES, Third-Party Plaintiff, v UNICORP NATIONAL DEVELOPMENTS, INC., Third-Party Defendant-Respondent. MARIA HERNANDEZ et al., Plaintiffs, v RACANELLI CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff. GRANDVIEW CONTRACTING CORP. et al., Third-Party Defendants-Appellants. [823 NYS2d 377]—

Orders, Supreme Court, Bronx County (Troy K. Webber, J.), entered August 22 and December 12, 2005, which, in actions for personal injuries sustained by plaintiffs passersby when they were struck by pieces of a plywood fence that collapsed during demolition of the building the fence was barricading, insofar as appealed from, granted motions by defendant architect and third-party defendant developer in their respective actions for summary judgment dismissing the complaints and all cross claims as against them, unanimously affirmed, with separate bills of costs.

It does not avail appellant demolition contractor to argue that the architect failed to obtain the appropriate permit for the fence and that the fence failed to comply with applicable regulations, where the architect was completely relieved of responsibility for construction defects and safety precautions under its contract with the developer (see Jewish Bd. of Guardians v Grumman Allied Indus., 96 AD2d 465, 467 [1983], affd 62 NY2d 684 [1984]). We also reject the demolition contractor's argument that the developer, despite having delegated its responsibility for permit procurement to the architect and for construction to the general contractor, nevertheless can be held liable under clauses in the site owner/developer contract requiring that construction of the fence and demolition of the building be "pursuant to building and/or demolition permits," and warranting that the work of contractors and subcontractors would be free of defects and compliant with any necessary permits. The subject clauses do not obligate the developer to supervise the architect or the contractors and subcontractors (compare Hunter v Perez Interboro Asphalt Co., 237 AD2d 214, 215 [1997]), and there is no evidence that the developer in fact did (see Laecca v New York Univ., 7 AD3d 415 [2004], lv denied 3 NY3d 608 [2004]). Nor is an issue of fact raised as to whether the work was inherently dangerous, such as might implicate a nondelegable duty of supervision on the part of the developer. Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.