■ LUNEL DESHOMMES, Respondent, et al., Plaintiff, v MO-HAMED HUSSAIN et al., Appellants. [850 NYS2d 614]—In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), dated July 28, 2006, as, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff Lunel Deshommes sustained damages in the principal sums of $300,000 for past pain and suffering and $900,000 for future pain and suffering, is in favor of the plaintiff Lunel Deshommes and against them.

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless, within 30 days after service upon the plaintiff Lunel Deshommes of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the damages for past pain and suffering from the principal sum of $300,000 to the principal sum of $200,000, and the damages for future pain and suffering from the principal sum of $900,000 to the principal sum of $500,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Lunel Deshommes so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The defendants' contentions that the court erred in refusing to charge the jury on comparative negligence and the emergency doctrine are without merit as there was insufficient evidence in the record to support either theory (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 517 [1980]; Gonzalez v Jamaica Hosp., 25 AD3d 652 [2006]; Lamuraglia v New York City Tr. Auth., 299 AD2d 321, 324 [2002]; Arpino v Jovin C. Lombardo, P.C., 215 AD2d 614 [1995]).

While the amount of damages to be awarded for personal injuries is primarily a question for the jury, it may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Pitera v Winzer, 18 AD3d 457, 457-458 [2005]). Here, upon consideration of the nature and extent of the injuries sustained by the plaintiff Lunel Deshommes, the jury awards for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicted herein (see Pitera v Winzer, 18 AD3d at 457-458; Lifshits v Variety Poly Bags, 5 AD3d 566 [2004]; Lamuraglia v New York City Tr. Auth., 299 AD2d at

325; *Komforti v New York City Tr. Auth.*, 292 AD2d 569 [2002]).
Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.