■ Hafiza Rashid et al., Respondents, v Clinton Hill Apartments Owners Corp. et al., Defendants, and Time Equities, Inc., Appellant. [895 NYS2d 524]—

In an action to recover damages for personal injuries, the defendant Time Equities, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 5, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, mother and son, are tenants of a cooperative apartment owned by the defendant Time Equities, Inc. (hereinafter Time Equities). The defendant Clinton Hill Apartments Owners Corp. owns the buildings where the apartment is located. The defendants Mark Greenberg Real Estate Co. Inc., and Mark Greenberg Real Estate Co., LLC (hereinafter together MGRE), manage the apartment complex. On several occasions between 2002 and 2005, the plaintiffs noticed water leaking into their apartment and also noticed mold in the apartment. On each occasion they complained to MGRE representatives, and on each occasion the roof above their apartment was repaired, until, in 2005, it was replaced. The plaintiffs brought this action alleging that they sustained personal injuries as a result of the mold in their apartment.

Time Equities moved for summary judgment dismissing the complaint insofar as asserted against it on the grounds that it did not have notice of the allegedly hazardous condition, and that the alleged mold was not the proximate cause of the plaintiffs' injuries. The Supreme Court denied the motion, and Time Equities appeals.

A landlord has a duty to maintain its premises in a reasonably safe condition (*see Ruiz v Hart Elm Corp.*, 44 AD3d 842, 843 [2007]; *Lewis v Drake*, 295 AD2d 482 [2002]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]). A landlord moving for summary judgment in a premises liability case "has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Goldenfeld v Euro Comfort Furniture, Inc.*, 48 AD3d 515, 515-516 [2008]). Here, Time Equities failed to establish, prima facie, that it did not have notice of the presence of mold in the plaintiffs' apartment. Moreover, in opposition to Time Equities' prima facie showing that the existence of mold was not the proximate cause of the plaintiffs' personal injuries, the plaintiffs raised a triable issue of fact by submitting the report of their expert, Dr. Irene Grant, who opined that the mold caused their injuries. In light of the conflicting expert opinions, the Supreme Court properly

denied Time Equities' motion for summary judgment dismissing the complaint insofar as asserted against it (*see Lopez v Gem Gravure Co., Inc.*, 50 AD3d 1102, 1102 [2008]; *Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 624 [2003]; *Zarzana v Sheepshead Bay Obstetrics & Gynecology*, 289 AD2d 570, 571 [2001]). Santucci, J.P., Dickerson, Chambers and Sgroi, JJ., concur.