■ KEITH CHEUNG, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [964 NYS2d 596]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered November 17, 2011, which, upon a jury verdict, is in favor of the defendant on the issue of liability and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

The plaintiff correctly contends that the Supreme Court erred in charging the jury with regard to the so-called "storm in progress" rule. Under that rule, " 'a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by

the storm' " (*Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.,* 97 AD3d 524, 524 [2012], quoting *Marchese v Skenderi,* 51 AD3d 642, 642 [2008]). "[I]f the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (*Powell v MLG Hillside Assoc.,* 290 AD2d 345, 345-346 [2002]; *see Mazzella v City of New York,* 72 AD3d 755, 756 [2010]; *Dancy v New York City Hous. Auth.,* 23 AD3d 512, 513 [2005]). Under the circumstances of this case, the Supreme Court improperly instructed the jury as to the storm in progress rule, since there was insufficient evidence in the record to support that defense (*see generally Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517 [1980]; *Deshommes v Hussain,* 47 AD3d 869, 869 [2008]; *Gonzalez v Jamaica Hosp.,* 25 AD3d 652, 652 [2006]). The plaintiff is entitled to a new trial, since it cannot be said that the error was harmless (*see generally De Leon v New York City Tr. Auth.,* 50 NY2d 176, 181 [1980]; *Nelson v HSBC Bank USA,* 87 AD3d 995, 999-1000 [2011]). Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.