■ BERTHA ELLIS et al., Respondents, v JOHNSON MOTOR LINES, INC., Defendant and Third-Party Plaintiff-Appellant. P. CHIMENTO AND CO., INC., Third-Party Defendant-Respondent. [603 NYS2d 523] —In a negligence action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered November 5, 1990, which, upon a jury verdict finding it 75% at fault in the happening of the accident, and the plaintiffs' decedent 25% at fault in the happening of the accident, upon a jury verdict as to damages, and a ruling by the trial court finding that the verdict as to damages was excessive, is in favor of the plaintiff as Administratrix of the Estate of Ezekiel Ellis and against the defendant in the principal sum of $210,897, is in favor of the plaintiff individually and against the defendant in the principal sum of $25,000, and dismisses the third-party complaint.

Ordered that the judgment is modified, on the law, by reducing the award to the plaintiff, in her capacity as Administratrix of the Estate of Ezekiel Ellis, from the net sum of $210,897 ($281,897 less 25% representing the plaintiff's share of the fault) to the net sum of $168,750; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

On July 21, 1980, the plaintiff's decedent Ezekiel Ellis was injured when he pulled a strap which snapped as he was closing the back gate of a truck owned by the defendant Johnson Motor Lines, Inc. (hereinafter Johnson). Ellis had difficulty with the truck about four to six weeks before the accident occurred and he filled out two "trouble tickets" which reported that the back strap was frayed. Ellis gave these trouble tickets to a cashier employed by the third-party defendant P. Chimento and Co., Inc. (hereinafter Chimento), and Chimento's employee testified at the trial that the cashier submitted the tickets to Johnson's maintenance department.

There is a valid line of reasoning which could lead a rational juror to the conclusion that Johnson received notice of the frayed strap and that Johnson was responsible for maintenance of the truck (see, Cohen v Hallmark Cards, 45 NY2d 493, 499). Therefore, we find that the evidence was legally sufficient to prove that Johnson negligently maintained its truck.

Moreover, affording great deference to the fact-finding function of the jury, we find that it could have reached the conclusion that Johnson was negligent based on a fair interpretation of the evidence (see, Tarantino v Vanguard Leasing Co., 187 AD2d 422). The verdict finding that Johnson was 75% at fault in the happening of the accident is not contrary to the weight of the evidence and is adequately supported by the record (see, Nicastro v Park, 113 AD2d 129, 133, 136).

The jury's verdict included an award of $35,250 ($47,000 less 25% representing the plaintiff's share of the fault) for loss of earnings and $6,897 ($9,196 less 25% representing the plaintiff's share of the fault) for hospital expenses. As a matter of law, the jury award for loss of earnings and hospital expenses must be reduced to zero, because the first $50,000 in medical expenses and lost earnings constitutes basic economic loss, which is not recoverable (see, Insurance Law § 5102 [a] [1], [2]; see also, Shalom v Sahani, 137 AD2d 454).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.