■ MARLA J. FISCHL, Respondent, v JOSEPH N. CARBONE, JR., et al., Appellants. [606 NYS2d 53] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered April 3, 1991, which, upon a jury verdict on the issue of damages, and upon the determination by the court that the jury's verdict for past pain and suffering should be decreased from $400,000 to $300,000, and the verdict for future pain and suffering should be increased from $115,000 to $215,000, and a determination by the court that the verdict of $35,000 for lost earnings, an award of $8,672 representing the plaintiff's loss of a profit-sharing account, and a deduction of $10,000 representing no-fault benefits paid to the plaintiff, should not be disturbed, is in favor of the plaintiff and against them in the principal sum of $411,504 ($548,672 minus 25%, representing the plaintiff's degree of fault in the happening of the accident).

Ordered that the judgment is affirmed, with costs.

The plaintiff, a 29-year-old athletic woman and veterinarian, suffered a severe spiral fracture of her left tibia and fibula, such that she was confined to bed and home for several months, was unable to work for 10 months, endured considerable pain, was disfigured by the leg having healed in a skewed position, and was unable in the seven years prior to the trial to resume her full veterinary duties or her favorite athletic activities.

The jury returned a verdict finding, inter alia, that the plaintiff had suffered damages in the amount of $400,000 for past pain and suffering, and $115,000 for future pain and suffering. The defendant moved to set aside the verdict as contrary to the weight of the evidence and for a new trial based upon the contention that the award as to damages deviated materially from what would be reasonable compensa-

tion. The court then reduced the amount awarded for past pain and suffering from $400,000 to $300,000, and increased the amount awarded for future pain and suffering from $115,000 to $215,000. The judgment appealed from was entered accordingly.

We note that the court lacked the power to unilaterally change the jury's verdict. The proper procedure for the trial court to follow was, if it found that the verdict did not deviate materially from what would be material compensation, to deny the motion, or, if it did deviate materially, to direct a new trial unless the parties stipulated to an appropriate additur or remittitur, or both (see, Siegel, NY Prac § 407, at 616-617 [2d ed]). However, we find that by failing to specifically object to the procedure followed by the trial court, the defendants have waived their objection to the trial court's failure to follow the proper procedure. Moreover, we agree with the trial court's determination that the amounts awarded for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated by the trial court.

We have considered the defendants' remaining contentions and find them to be largely unpreserved for appellate review, and, in any event, without merit. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.