■ JEFFREY GOLDSMITH, Appellant, v FIGHT FOR SIGHT, INC., et al., Respondents. [674 NYS2d 649] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered August 13, 1997, which, insofar as appealed from, dismissed plaintiff's cause of action for fraud and brings up for review an order of the same court and Justice entered August 6, 1997, which granted defendants' motion for summary judgment to the extent of dismissing plaintiff's cause of action for fraud, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 6, 1997, unanimously dismissed, without costs.

We agree with the motion court that plaintiff's promotion was contingent on future conduct and performance and any representations with respect to it were therefore promissory rather than fraudulent (*see, Tannehill v Paul Stuart, Inc.*, 226 AD2d 117). While the allegation regarding the nature of defendant charitable organization as a national organization separate from its parent sets forth a misrepresentation of an existing fact (*see, Navaretta v Group Health*, 191 AD2d 953, 954, citing *Stewart v Jackson & Nash*, 976 F2d 86, 89), the allegation is unsupported. Plaintiff failed to avail himself of the opportunity to rebut defendants' averment that the organization was never merged into the other affiliated organization, and there was no representation by defendants that clearly advised plaintiff that defendant organization was indeed national in scope.

We note, in addition, that plaintiff failed to raise a triable issue of fact with regard to his claimed detriment, inasmuch as his claimed losses were either not out-of-pocket (*see, Delcor Labs. v Cosmair, Inc.*, 169 AD2d 639, 640, *lv dismissed* 78 NY2d 952) or were speculative. The claim of emotional injury

was unsupported by medical evidence, which, contrary to plaintiff's bald assertion, is clearly required (*see*, *Young v GSL Enters.*, 237 AD2d 119; *Glendora v Walsh*, 227 AD2d 377, 377-378, *lv denied* 88 NY2d 812, *cert denied* 519 US 1122; *Christenson v Gutman*, 249 AD2d 805).

Moreover, under the circumstances, the uncompensated trustee defendants are immune from liability (*see*, Not-For-Profit Corporation Law § 720-a; *Rabushka v Marks*, 229 AD2d 899; *Scaccia v MacCurdy*, 239 AD2d 942).

We have considered plaintiff's other contentions and find them to be without merit. Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.