■ Roni L. Lloyd, Respondent, v Dante Russo, Appellant. [709 NYS2d 589] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Pincus, J.), dated April 14, 1999, which denied his motion pursuant to CPLR 4404, *inter alia,* to set aside a jury verdict in favor of the plaintiff on the issue of damages and for a new trial on damages.

Ordered that the order is modified, on the law, the facts, and as an exercise of discretion, by deleting the provisions thereof

denying those branches of the motion which were to set aside the verdict as to damages for past medical expenses and future medical expenses and substituting therefor provisions (1) granting that branch of the motion which was to set aside the verdict as to damages for past medical expenses and striking the demand for damages for past medical expenses, and (2) granting that branch of the motion which was to set aside the verdict as to damages for future medical expenses and granting a new trial with respect thereto, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict for future medical expenses from the sum of $200,000 to the sum of $25,500, and to the entry of an appropriate judgment accordingly; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to serve and file the stipulation consenting to a reduction in the verdict is extended until 30 days after service upon her of a copy of this decision and order with notice of entry.

Based on the record, any award for future medical expenses above $67,500 is speculative and the award of $200,000 is therefore excessive (*see, Korn v Levick,* 231 AD2d 606). The award of $50,000 for past medical expenses is likewise unsupported by the record, as the plaintiff only established approximately $8,000 in medical expenses incurred. Moreover, the trial court erred in not reducing these awards to reflect the first $50,000 of basic economic loss, which is not recoverable under the Insurance Law (*see,* Insurance Law § 5104 [a]; *Ellis v Johnson Motor Lines,* 198 AD2d 258).

The award for past medical expenses must be vacated in its entirety since the amount of medical expenses actually incurred by the plaintiff did not exceed the $50,000 offset for basic economic loss. The remainder of this offset, i.e. $42,000, is to be applied to the award for future medical expenses (*see, Fischer v Luczak,* 198 AD2d 474), which should not have been greater than $67,500. A new trial is therefore granted with respect to future medical expenses unless the plaintiff stipulates to a reduced award as indicated.

The defendant's remaining contentions are without merit. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.