■ JONI ACERRA, Respondent, v WILLIAM GUTMANN, Appellant, et al., Defendant. [742 NYS2d 107] —In an action to recover damages for personal injuries, the defendant William Gutmann appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Galasso, J.), dated May 11, 2001, as, upon a jury verdict finding him 85% at fault in the happening of the accident and finding that he sustained total damages for future medical expenses in the sum of $35,000, and upon an order of the same court, dated April 9, 2001, denying that branch of his motion which was, in effect, to set aside the jury verdict as to damages for future medical expenses, in effect, is in favor of the plaintiff and against him in the principal sum of $29,750 for future medical expenses.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the provision, in effect, awarding the plaintiff $29,750 for future medical expenses is vacated, the branch of the motion which was, in effect, to set aside the jury verdict as to damages for future medical expenses is granted, and the order dated April 9, 2001, is modified accordingly.

The plaintiff commenced this action to recover damages arising from a motor vehicle accident. After trial, the jury awarded her $35,000 for future medical expenses. The defendant William Gutmann challenged this award, arguing that the plaintiff failed to prove economic loss in excess of basic economic loss as defined by Insurance Law § 5102 (a) (*see* Insurance Law § 5104 [a]). The Supreme Court, finding that Gutmann waived this claim by failing to plead the nonrecoverability of basic economic loss as an affirmative defense, denied relief. We reverse.

A plaintiff seeking damages for economic loss arising from a motor vehicle accident designated in Insurance Law § 5104 (a) must plead and prove economic loss greater than basic economic loss (*see* CPLR 3016 [g]; *see also Rulison v Zanella,* 119 AD2d 957). Thus, the Supreme Court erred in holding that Gutmann was required to plead the nonrecoverability of basic economic loss as an affirmative defense. Accordingly, the award of economic damages must be vacated (*see* Insurance Law § 5104 [a]; *Lloyd v Russo,* 273 AD2d 359; *Niemiec v Jones,* 237 AD2d 267; *Ellis v Johnson Motor Lines,* 198 AD2d 258). Ritter, J.P., Altman, Adams and Crane, JJ., concur.