■ STEPHANIE ROWE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [742 NYS2d 910] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Douglass, J.), entered December 22, 2000, which upon, inter alia, a jury verdict on the issue of liability finding the plaintiff 20% at fault and the defendant 80% at fault in the happening of the accident, the denial of its motion, among other things, to set aside the verdict and for judgment as a matter of law, and a jury verdict on the issue of damages awarding the plaintiff $22,000 for past loss of earnings, $28,324.29 for past hospital expenses, $24,298.19 for past physicians' services, $400,000 for

past pain and suffering, $100,000 for future hospital expenses, $30,000 for future physician's services, and $2,000,000 for future pain and suffering, and upon the denial of the defendant's motion pursuant to CPLR 4404 (a) to set aside the damage awards as excessive, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the facts and as a matter of discretion, and a new trial is granted on the issues of damages as to past pain and suffering and future pain and suffering only, unless within 30 days after service upon her of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $400,000 to the sum of $300,000 and for future pain and suffering from $2,000,000 to $600,000 and to the entry of an appropriate amended judgment in her favor; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

The Supreme Court properly denied the defendant's motion for judgment in its favor as a matter of law on the issue of liability, as there was a rational basis upon which the jury could have found in the plaintiff's favor (see Rhabb v New York City Hous. Auth., 41 NY2d 200).

The Supreme Court's charge to the jury properly stated the applicable law (see Green v Downs, 27 NY2d 205; Martino v Triangle Rubber Co., 249 AD2d 454, 455). Moreover, the trial court did not unduly interfere with the defendant's case presentation or indicate any partiality or bias warranting reversal (see Bielicki v T.J. Bentey, Inc., 267 AD2d 266; Givens v Sinert, 243 AD2d 443).

However, the awards of damages for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]; Zavurov v City of New York, 241 AD2d 491; Cranston v Oxford Resources Corp., 173 AD2d 757). Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.