■ THOMAS TSAMASIROS et al., Respondents, v SCOTT E. HUGHES et al., Appellants. [772 NYS2d 525]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered July 18, 2002, which, upon a jury verdict awarding the plaintiff Thomas Tsamasiros $250,000 for past pain and suffering, $75,000 for future pain and suffering, $130,000 for past and future "shock, emotional distress and physical consequences thereof," $28,500 for past and future medical expenses incurred, and $7,000 for past loss of earnings, and awarding the plaintiff Katherine Tsamasiros $30,000 for loss of consortium, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the law and facts, by deleting the provisions thereof awarding the plaintiff Thomas Tsamasiros damages in the sum of $130,000 for past and future "shock, emotional distress and physical consequences thereof," $28,500 for past and future medical expenses incurred, and $7,000 for past loss of earnings; as so modified, the judgment is affirmed, with costs to the defendants.

The damages awarded to the plaintiff Thomas Tsamasiros for past pain and suffering do not deviate materially from what would be reasonable compensation for the injuries he sustained (*see White v Gasparrini,* 295 AD2d 422 [2002]; *Rowe v New York City Tr. Auth.,* 295 AD2d 333 [2002]; *Zavurov v City of New York,* 241 AD2d 491 [1997]).

The awards to the plaintiff Thomas Tsamasiros for past and future "shock, emotional distress and physical consequences thereof," are unsupported by the credible evidence because the plaintiff failed to adduce any medical evidence in support thereof (*see Goldsmith v Fight for Sight,* 251 AD2d 120 [1998]; *Kelly v Tarnowski,* 213 AD2d 1054 [1995]; *Erani v Flax,* 193 AD2d 777 [1993]).

As a matter of law, the jury award for loss of earnings and medical expenses must be deleted because the first $50,000 in

medical expenses and lost earnings constitutes basic economic loss, which is not recoverable (*see* Insurance Law § 5104 [a]; *Acerra v Gutmann,* 294 AD2d 384 [2002]; *Ellis v Johnson Motor Lines,* 198 AD2d 258 [1993]).

The appellants' remaining contentions are without merit. Santucci, J.P., S. Miller, Goldstein and Rivera, JJ., concur.