■ JOSE M. CHACHA, Respondent, v JOHN D. CLEMENT, Appellant. [819 NYS2d 293]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered February 24, 2005, which, upon a jury verdict on the issue of liability finding the defendant 70% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages, is in favor of the plaintiff and against him in the sum of $42,000.

Ordered that the judgment is modified, on the law, by reduc-

ing the sum of $42,000 to the sum of $24,500; as so modified, the judgment is affirmed, without costs or disbursements.

The accident at issue occurred on December 19, 2001 and the jury rendered its verdict with respect to damages on June 23, 2004. The $42,000 judgment in the plaintiff's favor was calculated as follows. The jury found that the plaintiff sustained damages in the sum of $5,000 for past pain and suffering, and $15,000 for future pain and suffering, over a three-year period. Further, the jury found that the plaintiff sustained damages in the sum of $20,000 for pre-verdict lost earnings, and $20,000 for post-verdict lost earnings, over a two-year period. The court then reduced these sums in accordance with the jury's apportionment of fault, resulting in the judgment in the sum of $42,000. The court rejected the defendant's objection that the lost earnings portion of the award ran afoul of the no-fault law (*see* Insurance Law § 5104). The court rejected the objection on the ground that the plaintiff never received no-fault benefits.

We agree with the defendant that the Supreme Court erred in failing to adjust the lost earnings portion of the award in order to account for the no-fault provision barring recovery by one "covered person" against another for "basic economic loss" (*see* Insurance Law § 5104 [a]). A "covered person," for purposes of the section, is defined as "any owner, operator or occupant of, a motor vehicle which has in effect [the insurance required under article six of the Vehicle and Traffic Law]; or any other person entitled to first party benefits" (Insurance Law § 5102 [j]).

As the plaintiff does not contend he is a noncovered person and acknowledged in his pleadings that he is subject to New York's no-fault law, the Supreme Court erred in not reducing the jury award "to reflect the first $50,000 of basic economic loss, which is not recoverable under the Insurance Law" (*Lloyd v Russo,* 273 AD2d 359, 360 [2000]; *see State-Wide Ins. Co. v Buffalo Ins. Co.,* 105 AD2d 315, 320 [1984]).

As relevant here, "basic economic loss" is defined as loss of earnings from work "for not more than three years from the date of the accident" (Insurance Law § 5102 [a] [2]). As applied in this context, we agree with the defendant again that the only portion of the award for lost earnings that the plaintiff may recover is the portion of future damages pertaining to the period December 19, 2004 through June 23, 2006 (i.e., the period beginning with the third anniversary of the accident, and ending with the second anniversary of the jury's damages verdict). That amount is $15,000, which, when reduced to account for the plaintiff's share of fault (30%), is $10,500. Added to $14,000 for pain and suffering ($20,000, again reduced by the plaintiff's

share of fault), the amount of damages the plaintiff should recover is $24,500. We modify to reduce the judgment accordingly. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.