(August 15, 2006)

■ MARIA APARICIO, Appellant, v JOHN FAZIO, Respondent. [820 NYS2d 307]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (LaCava, J.), entered February 17, 2005, as, upon an order of the same court dated January 10, 2005, granting the defendant's motion to set aside so much of a jury verdict as found that the plaintiff sustained damages for past medical expenses in the sum of $33,259.48, failed to award her damages for past medical expenses.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In this action to recover damages for personal injuries arising out of an automobile accident, a jury returned a verdict in favor of the plaintiff awarding damages in the sums of $40,000 for past pain and suffering, $10,000 for future pain and suffering, and $33,259.48 for past medical expenses. The defendant subsequently moved to set aside so much of the verdict as awarded the sum of $33,259.48 for past medical expenses upon the ground that medical expenses not exceeding the sum of $50,000 constitute basic economic loss and are not recoverable under the no-fault insurance law. The Supreme Court granted the motion and entered judgment only for the jury's damage awards for pain and suffering. We affirm.

New York's no-fault insurance law expressly provides that basic economic loss incurred as a result of the use or operation of a motor vehicle is not recoverable in a personal injury action (*see* Insurance Law § 5104 [a]). Basic economic loss is defined as including the first $50,000 of medical expenses (*see* Insurance Law § 5102 [a] [1]). Contrary to the defendant's contention, the plaintiff's argument on appeal that the parties' trial stipulation allowing her medical bills into evidence operated as a waiver by the defendant of the no-fault insurance law's prohibition of recovery for basic economic loss is properly before this Court. However, the argument is without merit.

A plain reading of the parties' stipulation at issue on this appeal shows that it was evidentiary in nature and in no way worked to waive the Insurance Law's prohibition against recovery for basic economic loss in this lawsuit. The Supreme Court properly granted the defendant's postverdict motion to set aside the jury's award of $33,259.48 for the plaintiff's past medical expenses and properly entered judgment accordingly (*see Tsamasiros v Hughes*, 5 AD3d 377 [2004]; *Lloyd v Russo*, 273 AD2d 359, 360 [2000]; *Ellis v Johnson Motor Lines*, 198 AD2d 258, 259 [1993]).

In light of our determination, the defendant's remaining contention has been rendered academic. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.