■ ANGEL SANCHEZ, Respondent, et al., Plaintiff, v SETH I. KRONENGOLD et al., Appellants, et al., Defendant. [822 NYS2d 294]—In an action to recover damages for personal injuries, etc., the defendants Seth I. Kronengold and Tower Contracting Corp. appeal, and the defendant Demetrios Anninos separately appeals, from an order of the Supreme Court, Queens County (Schulman, J.), dated August 17, 2004, which denied their respective motions pursuant to CPLR 4404 to set aside a jury verdict finding that the plaintiff Angel Sanchez sustained damages in the sums of $250,000 for past pain and suffering, $350,000 for future pain and suffering, and $150,000 for future medical expenses.

Ordered that the order is modified, on the law and the facts, by (a) deleting the provisions thereof denying those branches of the motions which were to reduce the verdict finding that the plaintiff Angel Sanchez sustained damages in the sum of $150,000 for future medical expenses to the sum of $100,000 and substituting therefor provisions granting those branches of the motions, and (b) deleting the provisions thereof denying those branches of the motions which were to set aside the verdict awarding damages for future pain and suffering and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed, with one bill of costs to the appellants appearing separately and filing separate briefs, and a new trial is granted only with respect to damages for future pain and suffering, unless within 30 days after service upon the plaintiff Angel Sanchez of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $350,000 to the sum of $250,000; in the

event that the plaintiff Angel Sanchez so stipulates, then the order, as so reduced and amended, is affirmed, without costs or disbursements.

While the amount of damages to be awarded for personal injuries is primarily a question for the jury, it may be set aside if it deviates materially from what would be reasonable compensation (*see Van Ness v New York City Tr. Auth.*, 288 AD2d 374 [2001]). Here, upon consideration of the nature and extent of the injuries sustained by the plaintiff Angel Sanchez, we find that the jury award for future pain and suffering deviates materially from what would be reasonable compensation (*see Van Nostrand v Froehlich,* 18 AD3d 539 [2005]; *Pitera v Winzer,* 18 AD3d 457 [2005]; *Tsamasiros v Hughes,* 5 AD3d 377 [2004]; *Lifshits v Variety Poly Bags,* 5 AD3d 566 [2004]; *Komforti v New York City Tr. Auth.,* 292 AD2d 569 [2002]).

Further, the jury award of $150,000 for future medical expenses must be reduced to $100,000, since the first $50,000 in medical expenses constitutes basic economic loss, and is not recoverable (*see* Insurance Law § 5102 [a] [1], [2]; § 5104; *Tsamasiros v Hughes, supra*; *Ellis v Johnson Motor Lines,* 198 AD2d 258 [1993]).

The appellants' remaining contentions are without merit. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.