STEPHEN HUTCHINSON, Appellant-Respondent, v CLARE ROSE OF NASSAU, INC., et al., Respondents-Appellants. [835 NYS2d 698]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Woodard, J.), entered December 29, 2004, as, upon a jury verdict finding that he sustained a serious injury and awarding him the sums of $25,000 for lost wages, $20,000 for past pain and suffering, and $0 for future pain and suffering, is in favor of him and against the defendants in the principal sum of only $45,000, and the defendants cross-appeal, as limited by their brief, from so much of the same judgment as awarded the plaintiff the sum of $25,000 for lost wages.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the jury award in the sum of $25,000 for lost wages is reduced to $0, and the matter is remitted to the Supreme Court, Nassau County, for a new trial solely on the issue of damages for past and future pain and suffering in accordance herewith and for the entry of an amended judgment thereafter.

The instant personal injury action arose out of a motor vehicle accident that occurred on October 24, 2002 when the defendants' truck struck the plaintiff's truck in the rear while it was stopped at a red traffic light. The defendants conceded liability, and a trial on damages was held in the latter part of 2004. The jury rendered a verdict finding that the plaintiff had sustained a medically determined injury or impairment of a nonpermanent nature that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for at least 90 days during the 180 days immediately following the accident, and awarded him damages in the sums of $25,000 for lost wages and $20,000 for past pain and suffering, for a total sum of $45,000.

The jury award in the sum of $25,000 for lost wages must be reduced to $0, since the first $50,000 in combined lost wages and medical expenses constitutes basic economic loss, the plaintiff made no claim to recover medical expenses in any event, and basic economic loss is not recoverable in a personal injury action arising from a motor vehicle accident (see Insurance Law § 5102 [a] [1], [2]; § 5104; *Sanchez v Kronengold,* 33 AD3d 607 [2006]; *Chacha v Clement,* 31 AD3d 596 [2006]; *Tsamasiros v Hughes,* 5 AD3d 377 [2004]; *Austin v Meade,* 257 AD2d 844 [1999]).

The remaining damages award must also be set aside, subject to a new trial on the issue of damages for past and future pain and suffering.

Following the jury's verdict, the attorneys for the plaintiff

and the defendants and the trial judge spoke informally with the jury in the trial judge's chambers. Thereafter, the plaintiff's attorney made an oral application to set aside the verdict based upon his assertion that one of the jurors, who happened to be a physical therapist, had disregarded much of the neurologic and medical testimony, and had instead utilized his own knowledge of medicine gained from his training and employment as a physical therapist in arriving at his verdict as to past and future pain and suffering.

The trial judge denied the application, but acknowledged that the juror had violated the court's instructions in weighing the evidence. The trial judge nonetheless concluded that such circumstance was not dispositive. The plaintiff's counsel contended that this juror may have influenced other jurors, and requested that the juror be put under oath and questioned about the jury's deliberations. The trial court denied that request.

It was error for the trial judge to discuss matters going to the heart of the deliberative process with a juror without making a record of such conversation, thereby frustrating proper appellate review. Moreover, where, as here, the trial judge concluded that a substantial breach of her instructions to the juror had occurred, it was an improvident exercise of discretion to deny the plaintiff's request to make a proper record to facilitate subsequent judicial review, including appellate review. In so doing, the trial judge made it impossible to determine if the alleged juror misconduct improperly influenced the deliberative process (*see Ryan v Orange County Fair Speedway,* 227 AD2d 609 [1996]), and thereby irreparably impaired the ability of counsel to make a proper post-judgment application to set aside the verdict due to juror misconduct. The use of personal expertise by a juror, if communicated to other members of the jury panel, may have constituted such misconduct as to warrant a new trial (*see People v Maragh,* 94 NY2d 569 [2000]). By denying the plaintiff's counsel the right to place the juror under oath in order to explain his conduct during deliberations, the trial judge frustrated the impartial judicial inquiry necessary to determine if there was an improper influence upon the remaining members of the jury panel. Under these unique circumstances, the jury's award of damages for past and future pain and suffering must be set aside (*see Cohn v Meyers,* 125 AD2d 524 [1986]; *cf. Ryan v Orange County Fair Speedway, supra*).

The plaintiff's remaining contentions have been rendered academic or are without merit. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.