■ ROBERT C. BROWN et al., Respondents, v DAVID R. ELLISTON et al., Appellants. [840 NYS2d 96]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered May 17, 2006, as, upon a jury verdict awarding the plaintiff Robert C. Brown damages in the sums of $300,000 for past pain and suffering and $500,000 for future pain and suffering, and awarding the plaintiff Sara Brown the sum of $25,000 for loss of services, is in favor of the plaintiffs and against them in the principal sum of $825,000.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof

awarding damages to the plaintiff Robert C. Brown for future pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and a new trial is granted on the issue of damages for future pain and suffering, unless within 30 days after service upon the plaintiff Robert C. Brown of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $500,000 to the sum of $400,000; in the event that he so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Robert C. Brown was injured when the defendants' vehicle struck him, came to a stop on top of his leg, and then rolled back over it a second time. As a result, he suffered comminuted fractures to the shaft of his tibia and fibula. He was placed in a hard cast for approximately nine months, which left him essentially homebound and unable to perform basic physical tasks. During that time, Brown's orthopedist had to perform a painful manipulation or "wedging" of Brown's bones so that they would heal in an anatomically straight position. At one point, he developed an ulcer on his shin from the friction of his cast. Subsequently, the hard cast was removed and Brown was placed in a plastic brace for several more months; however, he was still only able to ambulate through the use of crutches. Once his orthopedist determined that the fractures would not unite, Brown underwent a surgery which involved inserting a metal rod down the length of his shin and affixing it to his knee with two screws. At the time of trial, the metal rod remained inside his leg, he was still experiencing pain in his knee and at the fracture site, he had permanent scarring at the incision site, his left foot was slightly inwardly angled, and he walked with a limp.

Contrary to the defendants' contention, the jury award for past pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Vasquez v City of New York*, 298 AD2d 187 [2002]; *Zavurov v City of New York*, 241 AD2d 491, 492-493 [1997]; *Fischl v Carbone*, 199 AD2d 463 [1993]).

However, the damages awarded for future pain and suffering are excessive to the extent indicated, as they deviate materially from what would be reasonable compensation (*see Singh v Catamount Dev. Corp.*, 21 AD3d 824, 825-826 [2005]; *Holland v Gaden*, 260 AD2d 604, 605 [1999]; *Semel v Klein*, 233 AD2d

492, 493 [1996]; *Fischl v Carbone, supra*). Although it was undisputed that Brown had a permanent disability, and might opt for future surgery to remove the surgical hardware inside his leg, which he was reluctant to proceed with since he was a diabetic and there was no guarantee surgery would alleviate his knee pain, he was able to perform many of his pre-accident activities on a regular basis (*cf. Patterson v Kummer Dev. Corp.*, 302 AD2d 873, 874 [2003]; *Rowe v New York City Tr. Auth.*, 295 AD2d 333, 334 [2002]). Accordingly, we remit the matter for a new trial on the issue of damages for future pain and suffering unless Brown stipulates to reducing the damages to the extent indicated. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.