Order, Supreme Court, New York County (Lottie E. Wilkins, *177 J.), entered April 10, 2007, which, in an action for personal injuries sustained when plaintiff pedestrian was hit by a taxi registered and leased by defendant-appellant High Thor Taxi Corp., insofar as appealed from as limited by High Thor’s brief, denied High Thor’s posttrial motion insofar as it sought judgment dismissing the complaint as a matter of law, and granted the motion insofar as it sought a new trial to the extent of directing a new trial on the issues of past and future pain and suffering only, unless plaintiffs stipulated to reduce the jury’s award for past pain and suffering from $5 million to $500,000 and the award for future pain, and suffering from $7 million (over 31 years) to $600,000, unanimously modified, on the facts, to direct that the new trial also include the issue of future medical expenses unless, within 30 days after service of a copy of this order, plaintiffs also stipulate to reduce the award for future medical expenses from $800,000 (over 10 years) to $150,000, and otherwise affirmed, without costs.
The parties stipulated that defendant SS&R Management Co. is the “titled owner” and that defendant-appellant High Thor is the “registered owner” of the taxi involved in the accident, and that the individual defendant had permission to operate the taxi. There also appears to be no dispute that, as the trial court found, High Thor was in the business of registering vehicles owned by SS&R Management and then leasing them to taxi drivers as SS&R’s agent. Such an arrangement makes High Thor vicariously liable for the taxi driver’s negligence (see Taughrin v Rodriguez, 254 AD2d 735 [1998]) in an action commenced prior to the effective date of the Graves Amendment (49 USC § 30106), barring vicarious liability against professional lessors and renters of vehicles (cf. Graham v Dunkley, 50 AD3d 55 [2008], appeal dismissed 10 NY3d 835 [2008]).
The awards for past and future pain and suffering do not deviate materially from what would be reasonable compensation, where plaintiff, 45 years old at the time of the July 2003 accident, suffered an open fracture of the tibia and a fracture of the fibula requiring six surgical procedures performed over the course of almost three years, including external fixation and internal fixation, as well as skin, muscle and nerve grafts; the fracture has not achieved union, will likely require additional surgery, and continues to cause plaintiff significant pain; and plaintiff has severe scarring, has undergone extensive physical therapy, and does not have full mobility of her right ankle (cf Bello v New York City Tr. Auth., 50 AD3d 511 [2008]; Brown v Elliston, 42 AD3d 417 [2007]; Orellano v 29 E. 37th St. Realty Corp., 4 AD3d 247-248 [2004], lv denied 4 NY3d 702 [2004]). *178 The award for future medical expenses, however, is excessive to the extent above indicated, given that the only evidence of such costs was the testimony of plaintiff’s treating orthopedic surgeon that plaintiff will likely require future surgery at a cost of $40,000 to $50,000, exclusive of hospital costs, and future physical therapy at a cost of “tens of thousands of dollars.” We find the award for future lost earnings supported by the evidence. Concur—Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ. [See 2007 NY Slip Op 30633(U).]