■ Norma M.T. Braun et al., Respondents, v Edwards Trucking & Warehousing, Inc., et al., Appellants, et al., Defendant. [889 NYS2d 676]—

The appeal from the order must be dismissed, as no appeal lies from an order denying resettlement of the substantive or decretal provisions of a prior order or judgment (*see Blue Chip Mtge. Corp. v Strumpf*, 50 AD3d 936 [2008]), or from an order denying reargument (*see Brooklyn Union Gas Co. v Interboro Asphalt Surface Co.*, 303 AD2d 532 [2003]).

On the morning of July 26, 2006 the plaintiff Norma M.T. Braun (hereinafter the plaintiff), a pedestrian, was struck by a truck operated by the defendant Elwood Edwards, in Manhattan. Following the commencement of this action, the Supreme Court granted the plaintiffs' motion for summary judgment in favor of the plaintiff on the issue of liability. Subsequently, the jury returned a verdict finding that the plaintiff sustained a serious injury, and awarding her the principal sum of $175,000 for noneconomic loss, consisting of past and future pain and suffering, and the principal sum of $100,000 for economic loss, consisting of past lost earnings. The Supreme Court thereafter declined to reduce the verdict pursuant to Insurance Law § 5104 (a), on the ground that the appellants "failed to proffer any evidence of *specific* collateral payment made to the plaintiff for any specific loss" (emphasis in original).

We agree with the appellants that the Supreme Court erred in failing to adjust the lost earnings portion of the award in order to account for the no-fault provision, categorically barring recovery by one "covered person" against another for "basic economic loss" (Insurance Law § 5104 [a]; *see Chacha v Clement*, 31 AD3d 596 [2006]). A "covered person," for purposes of the section, is defined as "any owner, operator or occupant of a motor vehicle which has in effect [the insurance required under article six of the Vehicle and Traffic Law]; or any other person entitled to first party benefits" (Insurance Law § 5102 [j]).

As the plaintiff does not contend that she is a noncovered person and acknowledged in her pleadings that she is subject to New York's no-fault law, the Supreme Court erred in not reducing the jury award "to reflect the first $50,000 of basic economic loss, which is not recoverable under the Insurance Law" (*Chacha v Clemente*, 31 AD3d at 597 [internal quotation marks omitted]). We modify to reduce the judgment accordingly. Skelos, J.P., Eng, Austin and Roman, JJ., concur.