Kleiber v Fichtel

2026 NY Slip Op 02834

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Glenn C. Kleiber, appellant,

v

Robert P. Fichtel, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2020-04752, 2020-04753, 2020-06581, (Index No. 707520/20)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

The Edelsteins, Faegenburg & Brown, New York, NY (Paul J. Edelstein, Daniel A. Thomas, and Judah Z. Cohen of counsel), for appellant.

Collins, Fitzpatrick & Schoene, LLP (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Robert A. Lifson and Kevin P. Fitzpatrick], of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Joseph J. Esposito, J.), both entered March 3, 2020, and an amended judgment of the same court entered August 18, 2020. The first order entered March 3, 2020, insofar as appealed from, upon renewal, granted the defendants' cross-motion, in effect, pursuant to CPLR 4404(a) to reduce the jury award for past lost earnings from $50,000 to

and to dismiss the complaint. The second order entered March 3, 2020, denied those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law on the issues of whether the plaintiff suffered a serious injury within the meaning of Insurance Law § 5102(d) and whether the plaintiff was entitled to recover past medical expenses in the amount of $541,144.27 and for a new trial as to the remaining damages issues, or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of damages. The amended judgment, upon the jury verdict and the orders entered March 3, 2020, is in favor of the defendants and against the plaintiff dismissing the complaint.

ORDERED that the appeals from the orders are dismissed; and it is further,

ORDERED that the amended judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the defendants.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501[a][1]).

The plaintiff commenced this action against the defendants to recover damages for injuries he allegedly sustained in a motor vehicle accident on June 1, 2013. The case proceeded to a trial on the issues of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) and damages, the defendants having conceded fault for the accident. The jury found, inter alia, that the plaintiff did not sustain a serious injury within the meaning of [*2]Insurance Law § 5102(d) and that the plaintiff sustained $50,000 in damages for past lost earnings.

The plaintiff thereafter moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law on the issues of whether the plaintiff suffered a serious injury within the meaning of Insurance Law § 5102(d) and whether the plaintiff was entitled to recover past medical expenses in the amount of $541,144.27 and for a new trial as to the remaining damages issues, or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of damages. The defendants cross-moved, in effect, pursuant to CPLR 4404(a) to reduce the jury award for past lost earnings from $50,000 to

and to dismiss the complaint.

In an order dated June 19, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on the issue of damages, on the basis that defense counsel's summation comments deprived the plaintiff of a fair trial. The defendants appealed, and on appeal, this Court reversed the June 19, 2017 order insofar as appealed from, denied that branch of the plaintiff's motion, and reinstated the jury verdict (see Kleiber v Fichtel, 172 AD3d 1048).

The Supreme Court thereafter considered the alternative branches of the plaintiff's posttrial motion and the defendants' cross-motion, which had previously been denied as academic. In an order entered March 3, 2020, the court, inter alia, upon renewal, granted the defendants' cross-motion to reduce the jury award for past lost earnings from $50,000 to

and to dismiss the complaint. In a second order entered March 3, 2020, the court denied those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law on the issues of whether the plaintiff suffered a serious injury within the meaning of Insurance Law § 5102(d) and whether the plaintiff was entitled to recover past medical expenses in the amount of $541,144.27 and for a new trial as to the remaining damages issues, or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of damages. The court issued an amended judgment, upon the jury verdict and the orders entered March 3, 2020, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.

The plaintiff's contention that the jury verdict was inconsistent is unpreserved for appellate review because he failed to object to the verdict on that basis prior to the discharge of the jury (see Barry v Manglass, 55 NY2d 803; Rozmarin v Sookhoo, 172 AD3d 1415, 1417-1418; Iovino v Kaplan, 145 AD3d 974, 978; Rivera v MTA Long Is. Bus, 45 AD3d 557).

"A motion pursuant to CPLR 4404(a) for judgment as a matter of law may be granted only where there is no rational process by which the jury could find in favor of the nonmoving party" (Rendon v White Castle Sys., Inc., 241 AD3d 1373, 1375 [internal quotation marks omitted]). Contrary to the plaintiff's contention, there was a rational process by which the jury could find that the plaintiff had not sustained a serious injury as defined by Insurance Law § 5102(d) as a result of the June 1, 2013 accident and that the past medical expenses he incurred were not the result of that accident. The evidence presented by the defendants rationally supported a conclusion that the plaintiff's claimed injuries and conditions were not causally related to, but rather preexisted, the June 1, 2013 accident. The jury's determinations on all issues were also supported by a fair interpretation of the evidence and, therefore, were not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Robles v Polytemp, Inc., 127 AD3d 1052, 1054). The parties presented conflicting testimony about the cause of the plaintiff's claimed injuries and conditions, and we discern no basis to disturb the jury's determination to credit the defendants' evidence in that regard (see Hannays v Miskiewicz, 240 AD3d 582, 584).

The Supreme Court properly granted the defendants' cross-motion and reduced the past lost earnings portion of the award in order to account for the no-fault provision, categorically barring recovery by one "covered person" against another for "basic economic loss" (Insurance Law § 5104[a]; see Chacha v Clement, 31 AD3d 596). A "covered person," for purposes of the section, is defined as "any owner, operator or occupant of, a motor vehicle which has in effect [the insurance required under article six of the Vehicle and Traffic Law]; or any other person entitled to first party benefits" (Insurance Law § 5102[j]). The plaintiff does not contend that he is a noncovered person. [*3]The plaintiff was subject to New York's no-fault law, and the court correctly reduced the jury award "to reflect the first $50,000 of basic economic loss, which is not recoverable under the Insurance Law" (Braun v Edwards Trucking & Warehousing, Inc., 68 AD3d 699, 700 [internal quotation marks omitted]; see Chacha v Clement, 31 AD3d at 597).

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination.

Accordingly, we affirm the amended judgment.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

2020-04752 DECISION & ORDER ON MOTION

2020-04753

2020-06581

Glenn C. Kleiber, appellant, v

Robert P. Fichtel, et al., respondents.

(Index No. 707520/20)

Appeals from two orders of the Supreme Court, Queens County, both entered March 3, 2020, and an amended judgment of the same court entered August 18, 2020. Motion by the respondents, inter alia, to strike the appellant's brief or stated portions thereof on the ground that the appellant's brief refers to matter dehors the record and improperly raises issues for the first time on appeal. By decision and order on motion of this Court dated August 25, 2021, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

ORDERED that the branch of the motion which is to strike the appellant's brief or stated portions thereof is denied.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court